### International & Great Northern Railroad Company
### v. A. L. Newburn.

No. 972. Decided January 21, 1901.

**Continuance—Presumption—Surprise.**

In support of the action of the court in refusing a continuance every presumption of its correctness consistent with the record is to be indulged; and where continuance was sought because of an amendment which, it was claimed, changed the issues, surprised defendant, and made other witnesses necessary, and the pleading amended was not brought up in the record, it will be presumed, in support of the ruling, that the allegations therein were such as to charge defendant with notice of the facts last alleged. (P. 312.)

Error to the Court of Civil Appeals for the First District, in an appeal from Anderson County.

Newburn sued the railroad company for damages for injuries to the person, and obtained judgment. The defendant appealed, and on the judgment being affirmed obtained writ of error.

*G. H. Gould* and *W. B. Teagarden,* for plaintiff in error.—The court erred in overruling defendant's motion for continuance as shown in the bill of exceptions number 1, as follows:

"Be it remembered that on the — day of December, 1899, when this cause was called for announcement, defendant announced not ready, and by agreement of plaintiff's counsel defendant presented an oral motion for continuance as follows:

"Now comes defendant and says that it can not safely go to trial at this term of the court, and presents this first motion for a continuance upon the following grounds:

"First. Plaintiff in his original and amended petition claimed, in effect, that, by reason of the negligence of defendant's servants in charge of a freight train in running the same at a dangerous rate of speed around a curve and in failing to sound a whistle at certain road crossings and for said curve to warn plaintiff and the other section men

of its approach, they were caught on the track by the train rapidly approaching them, and, as they were in the act of removing the hand car from the track, one of his fellow servants, the one having hold of the same end of the hand car with himself and on the opposite corner, became frightened and released his hold on the car, thereby throwing a great additional weight on plaintiff and inflicting the injuries complained of. That by amendment to his last petition made a few hours before the case was called for trial, the allegation that the man who became frightened and released the car was the one who stood at the side of the car ·instead of at the end as· claimed in the original petition.

"Defendant would further show that the accident occurred in Smith County, Texas, remote from the place of this trial, and that all the section hands who witnessed the accident then resided in Smith County and were in defendant's employ; that said section men, except one, Peter Norman, who is now out of defendant's employ, are present as witnesses at this trial; that before said last amendment Peter Norman was not a necessary witness for defendant, because the allegation of the former petitions was that the man who turned loose the hand car was lifting at the end of the car, and defendant's defense was that nobody turned· loose that end of the car, and the section men who had hold of that end are here in court to testify to that fact. But since the petition has been changed so as to place the frightened section hand at one side of the car instead of at the end, the testimony of Peter Norman, who was lifting on that side of the car at the opposite corner from plaintiff, and between whom and plaintiff the frightened section hand was lifting, becomes very material, and defendant expects to prove by him that no one turned loose that side of the car on ·which Norman was lifting.

"Said Peter Norman, voluntarily left the employ of defendant several months ago and his residence has since been unknown to defendant, and defendant has been unable to locate him after making diligent inquiry at his old home in Smith County, and at Tyler and Troupe, in Smith County, and in Cherokee County and other places where he would likely be found, and therefore after using due diligence has been unable to procure his testimony for this trial, and since said petition was amended defendant has had no opportunity to procure said testimony. Said amendment has surprised defendant in presenting a new issue which defendant is not now prepared to meet for the want of said testimony. Defendant would show that by the next term of this court it expects to procure the testimony of said witness Peter Norman, and this continuance is not sought for delay but that justice may be done. Said testimony is material and can not be procured from any other source. Which motion was overruled by the court and to said ruling of the court defendant then and there excepted and now presents this bill of exceptions thereto, and asks that the same be allowed and approved and ordered filed as a part of the record in this case."

The amendment to the petition was made by interlining the words "one side" (of said car) in lieu of the words "the end" (of said car).

This alteration was made just before announcement, and the motion for continuance presented and overruled. Railway v. Smith, 29 S. W. Rep., 186; Cowan v. Williams, 49 Texas, 396; Railway v. Henning, 52 Texas, 474; Railway v. Power, 53 S. W. Rep., 572; Whitefoot v. Leffingwell, 63 N. W. Rep., 82.

*Thomas B. Greenwood* and *French & French,* for defendant in error.

WILLIAMS, ASSOCIATE JUSTICE.—This writ of error was granted because we thought there was error in the judgment of the Court of Civil Appeals in affirming the refusal of the trial court to grant a continuance of the case. The plaintiff claimed that his injuries were received while he and his fellow members of a section gang were attempting to lift from the track, out of the way of a rapidly approaching train, a hand car of which they had charge, through the act of one of his companions, influenced by fright caused by the negligence of the trainmen in approaching so close without warning, in suddenly releasing his hold upon the hand car and throwing its weight upon plaintiff. The petition showed that some of the men were lifting at the sides of the hand car, and others, including plaintiff, were at the ends; and just before the trial, plaintiff filed an amended petition in which it was alleged that the man who let go was at one of the sides. Thereupon, defendant asked for a continuance on the ground of surprise, stating that all of the previous petitions had averred that the man who had released his hold was at the end at which plaintiff was stationed, and that defendant had prepared to meet such allegation, and that the change made necessary the presence and testimony of one of the men who had helped at the side where the amended allegations located the one who let go.

We were inclined to differ with the Court of Civil Appeals as to the correctness of the refusal of the continuance; but an examination of the record discloses that the pleadings filed by plaintiff prior to the last amendment were not sent up. In passing upon the application for continuance, it was proper for the trial court to examine such pleadings, and it may be that the allegations in them were such as to charge defendant with notice of the fact last alleged, and to show there was no legal ground for surprise and make it proper to overrule the application. We can not say, in the absence of these pleadings, that this was not the case, and therefore can not hold the ruling to have been erroneous, as every presumption consistent with the record is to be indulged in favor of its correctness. All other assignments of error have been examined and no reversible error found.

                                                                        *Affirmed.*