# DECEMBER, 1911.

## J. L. ROSS v. DECK MARTIN.

### No. 2173.   Decided November 15, December 20, 1911.

**1.—Community Property—Descent and Distribution.**

On the death of the husband, no child surviving, community property of himself and wife descended to the surviving wife though there were grandchildren living. The latter were not children within the meaning of article 1653, Revised Statutes, governing such descent.   (Pp. 560, 562.)

**2.—Same—Homestead.**

Community property of the husband and wife which had passed to the latter on the death of the husband, leaving no child surviving, and had been occupied by her and her minor grandchildren as a homestead, became subject to administration and sale to satisfy debts against her estate upon her death. Such minor grandchildren were constituents of the family for whom the homestead exemption was preserved during her life; but they were not "minor children" within the meaning of article 2046, Revised Statutes, and article 16, section 52, of the Constitution; the homestead could not be set aside for their use on death of their grandmother.   (Pp. 562, 563.)

ON MOTION FOR REHEARING.

**3.—Same—Administrator's Sale—Innocent Purchaser.**

Property purchased, paid for and occupied by the husband and wife, the conveyance reciting a cash consideration being made to the wife after the husband's death, was community estate and became the property of the wife if no child survived at the husband's death; but if there was a then surviving son, one-half descended to him; and in that event, a purchaser at probate sale by the administrator of the estate of the wife on her decease would acquire only her half interest, unless protected as an innocent purchaser against the title of the son or his heirs. (P. 563.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Dallas County.

Martin sued Ross for recovery of land and had judgment. Defendant appealed, and on affirmance obtained writ of error.

*Harry P. Lawther* and *F. D. Cosby,* for plaintiff in error.—The legal title to community property is in him who is the grantee on the face of the conveyance; the beneficial interest of the other spouse is an equitable title, and upon the death of the latter his title which descends to his children or their descendants is an equitable title, and a purchaser of the legal title for value and without notice of the equitable title will prevail. Patty v. Middleton, 82 Texas, 594; Edwards v. Brown, 68 Texas, 332; Hill v. Moore, 62 Texas, 594; West v. Keaton, 42 S. W., 1036; Hensley v. Lewis, 84 Texas, 96; Woodward v. Suggett, 59 Texas, 619.

When the holder of such equitable title seeks to recover from such holder of the legal title, it is encumbent upon him to allege and prove that the holder of the legal title had notice of his equity before he paid over his money for the land. Yancey v. Batte, 48 Texas, 60-62 (Mr. Justice Moore's dissenting opinion which has since been followed by this court); R. B. Godly Lumber Co. v. Teajorden, 135 S. W., 1109; Hill v. Moore, 62 Texas, 610; Biggerstaff v. Murphy, 22 S. W., 708; Brown v. Elmendorf, 25 S. W., 147.

A bona fide purchaser at a judicial sale will take a good title, though the proceedings could be set aside by bill of review in a direct proceeding. Revised Statutes, art. 1879; Davis v. Gaines, 104 U. S., 386; Edwards v. Halbert, 64 Texas, 607; Steele v. Renn, 50 Texas, 467; Butler v. Stephens, 77 Texas, 603; Fowler v. Stagner, 55 Texas, 396; Orr v. O'Brien, 55 Texas, 156; Farmer v. Saunders, 128 S. W., 941.

A subsequent purchaser for value and without notice may rely upon the title as made by the recitals in a recorded deed to the survivor of the marital relation, and as to him parol evidence is inadmissible to prove that in fact the consideration was another tract of land conveyed by the grantee and her then husband to the grantor twelve years before, for the purpose of showing that the land described in the deed was the community property of the grantee and her deceased husband. West v. Keaton, 42 S. W., 1036; Woodward v. Suggett, 59 Texas, 619; Edwards v. Brown, 68 Texas, 332; Stiler v. Japhet, 84 Texas, 96; Hill v. Moore, 62 Texas, 610; Patty v. Middleton, 82 Texas, 594; Hensley v. Lewis, 82 Texas, 597.

*E. P. Bryan,* for defendant in error.—Parol evidence is admissible to establish title by inheritance, and the character of title held by the ancestor, whether same is purchased with community or separate funds, and the question of notice is a question of fact to be determined by the jury. Willis v. Gay, 48 Texas, 469; Johnson v. Harrison, 48 Texas, 261; Thompson v. McGregor, 26 S. W., 649; East Texas L. & Imp. Co. v. Shelby, 41 S. W., 542.

The holder of a legal title can not prevail against an outstanding equitable title where he had notice of such equitable title, or had knowledge of such facts and circumstances as would have put an ordinarily prudent person upon inquiry as to such facts, and having such knowledge he failed to make inquiry. Hill v. Moore, 85 Texas, 346; Ross v. Morrow, 85 Texas, 173; New York Loan Co. v. Hyland, 8 Texas Civ. App., 601; Daniel v. Mason, 90 Texas, 242.

A judgment of the Probate Court ordering the sale of the homestead in payment of debts, there being a constituent member of the family surviving, is void for want of jurisdiction, and passes no title. Dignowitz v. Braumblat, 85 S. W., 834; Thompson v. Jones, 77 Texas, 628; Yarbrough v. Brewster, 38 Texas, 409; Withers v. Patterson, 27 Texas, 496.

Where a constituent member of the family survives, the homestead of an insolvent decedent vests absolutely in his heirs, and is not assets in the hands of an administrator. Stephens v. Marsalis, 11 Texas Civ. App., 162; Zwerneman v. Von Rosenberg, 76 Texas, 524; Childers v. Henderson, 76 Texas, 667.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

In December, 1875, and for many years prior thereto, Terrell Martin and Seely Martin, negroes, were husband and wife and owned and resided upon a lot in the city of Dallas. W. H. Gaston owned the lot in suit and he and Terrell and Seely Martin agreed to make an exchange of the lots. Terrell Martin and his wife executed and delivered to Gaston a deed for their lot, which Gaston received and took possession of that lot but made no deed to Terrell and Seely Martin for the lot he had given in exchange; however, he delivered possession of it to them and they settled upon and built a house on it, which they occupied to their deaths. Terrell Martin died in April, 1886, leaving surviving him Seely, his wife, but no child. Charles Rogers and Deck Martin were minors and grandchildren of Terrell Martin and his wife and had lived with them before the grandfather's death and continued to live with the grandmother until her death, being cared for and supported by their grandparents.

In the year 1887 Gaston made a deed for the lot to Seely Martin, reciting a cash consideration, but in fact the consideration was the lot conveyed to him by the Martins in 1875.

Seely Martin and her grandchildren continued to reside upon the lot until she died in 1891. There was an administration upon the estate of Seely Martin and the Probate Court ordered the sale of the lot in controversy to pay a debt against Seely Martin. It was sold and the sale was approved, deed made and Ross claims under

that sale. The facts as to the administration and sale are very meagre, but we think they support this general statement.

Defendant Ross requested the court to instruct the jury to return a verdict for the defendant, which was refused.

The facts show that the lot was acquired during the marriage, therefore is presumed to have been the community property of Terrell and Seely Martin, and, as they had no children living at Terrell's death, the title then vested in Seely, the surviving wife, for the whole of the lot. This article of the Revised Statutes was then in force:

"Art. 1653. Upon the dissolution of the marriage relation by death, all the common property belonging to the community estate of the husband and wife shall go to the survivor if the deceased have no child or children; but if the deceased have a child or children, his survivor shall be entitled to one-half of said property and the other half shall pass to the child or children of the deceased."

The grandchildren were not children within the meaning of that article. Burgess v. Hargrove, 64 Texas, 110.

When Seely Martin died she left no child, minor or adult, surviving her. Her two minor grandchildren lived with her and were members of her family.

Article 2046, Revised Statutes, reads: "At the first term of the court after an inventory, appraisement and list of claims have been returned, it shall be the duty of the court, by an order entered upon the minutes, to set apart for the use and benefit of the widow and minor children and unmarried daughters remaining with the family of the deceased, all such property of the estate as may be exempt from execution or forced sale by the Constitution and laws of the State, with the exception of any exemption of one year's supply of provisions."

The question of law which is presented by the facts is, were the grandchildren of Seely Martin her *"minor children"* within the terms of the article of the statutes above copied? In article 1653, copied above, the words "child or children" were used and our Supreme Court held that grandchildren were not within the terms of that statute.

Section 52, article 16, of the Constitution of Texas, deals with the subject of homestead of decedent thus:

"On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the surviver may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having jurisdiction, to use and occupy the same."

"Minor children of the deceased," as therein used, do not include grandchildren, for the terms used indicate clearly otherwise by the fact that it is dealing with the rights of children as heirs. The

Constitution deals with the title of the homestead after the death of the head of the family as well as the use of it. Article 2046 deals with the rights of creditors and the use of the homestead during administration by minor children. The Constitution provides also for use of the homestead by minor children, during their minority. The subjects are practically the same. We think it evident that the words "minor children" mean the same in the Constitution and in the statute and do not include grandchildren in one and not in the other.

It is true that the words "child" or "children" have been frequently held to include grandchildren, but those cases rest upon peculiar facts which interpret the words according to the intention of the person using them.

In Clark v. Goins, 23 S. W., 703, the Court of Civil Appeals of the Fifth District, speaking by Mr. Justice Finley, held that a minor granddaughter, living with her grandmother, was entitled to the homestead after the death of the grandmother as against creditors, because the grandchild was a constituent of the family. In the present case the Court of Civil Appeals hold that the grandchildren being "constituents of the family" were entitled to the homestead in preference to creditors. If this be true, then the statute would give the homestead to a different class of persons than that prescribed by the Constitution.

Children living with the parents are constituents of a family, but constituents of a family are not necessarily children or grandchildren of the claimant of the exemption. Wolfe v. Buckley, 52 Texas, 648; Roots v. Robertson, 93 Texas, 365.

The statute before quoted fixes the rights of creditors of a decedent and postpones their debts only in favor of the husband or widow, the minor child or children and the unmarried daughter. These constituents of the family alone have a right under the statute to the exemption as against creditors.

In Roots v. Robertson, *supra,* this court said: "There is no provision of the law that authorizes a court to set apart exempt property of an estate to the surviving constituents of every family to which it may have been exempted. The constituents of a family who are entitled to the homestead and other exempted property, upon the death of the head, ar named in the law and the Constitution. The mother of the deceased is not named and Mrs. Putman had no homestead right in the property." The grandchildren of Seely Martin were constituents of her family and would have constituted a family to secure exemption to her while living, but they are not named in the statute which, after her death, would shield the property from her creditors.

Seely Martin being indebted at her death, the Probate Court had jurisdiction of her estate and that court having granted administration upon the estate and by regular proceeding caused the property in controversy to be sold for the payment of a debt established, the sale was valid and passed the title to the purchaser under whom plaintiff in error claims title. Deck Martin had no title to the lot and the court should have instructed the jury to return a verdict for

Ross. The judgments of the District Court and the Court of Civil Appeals are reversed.

It appearing from the evidence that defendant in error can not show title to the land, it is ordered that judgment be rendered in this court for plaintiff in error and that he go hence without day and recover from Deck Martin all costs.

Filed November 15, 1911.

### ON MOTION FOR REHEARING.

For the facts of this case we looked to the opinion of the chief justice of the Court of Civil Appeals and found this statement:

"Deck Martin and Charley Rogers are the grandchildren of Terrell and Seely Martin, deceased, and are their only surviving heirs. Rogers lost in the court below and did not appeal."

I do not find in the petition for writ of error nor in the defendant in error's reply any challenge of the facts stated in the opinion of the chief justice. The natural conclusion was that Sim died before his father, otherwise Deck could not be an heir to the grandfather.

Upon examining the statement of facts we find evidence from which a jury might find that Sim Martin was living when Terrell, his father, died. If that be true, Seely Martin was the owner of half of the land and Deck Martin the other half, therefore the sale of the land under an order of the Probate Court made in the administration of Seely Martin's estate vested in the purchaser only the right and interest of Seely Martin, unless the plaintiff in error or his vendor purchased in good faith without notice that the land was community property of Terrell and Seely Martin and paid a valuable consideration for it.

The judgment heretofore entered is set aside and it is ordered that the judgment of the Court of Civil Appeals be reversed and the cause remanded. It is further ordered that the plaintiff in error recover of defendant in error all costs in the Court of Civil Appeals and this court.

*Reversed and remanded.*

Filed December 20, 1911.