HUTSON v. CADE et al.   (No. 9165.)

(Court of Civil Appeals of Texas.   Ft. Worth.
Nov. 15, 1919.)

1. APPEAL AND ERROR ⬤═966(2) — CONTINU-
ANCE ⬤═7—NONSTATUTORY APPLICATION IS
ADDRESSED TO DISCRETION OF COURT.

Where an application for continuance is
not statutory, the party is not entitled to con-
tinuance as a matter of right, but the applica-
tion is addressed to the sound discretion of the
court, exercise of which will not be revised·
unless a pronounced abuse is shown.

2. APPEAL AND ERROR ⬤═920(2)—CORRECT-
NESS OF REFUSAL OF CONTINUANCE PRESUM-
ED.

In support of the action of the trial court
in refusing continuance, every presumption of
its correctness consistent with the record is
to be indulged.

3. APPEAL AND ERROR ⬤═966(2) — REFUSAL
FOR ABSENCE OF DEFENDANT AND WITNESS
NOT REVERSIBLE ERROR IN VIEW OF DEFEC-
TIVE APPLICATION.

In view of defects in defendant's application
for continuance, and the state of the record as
a whole, the action of the trial court in refus-
ing continuance on account of engagement in
trial of another suit of defendant and his
claimed necessary witness *held* not reversible
error; there being no showing that any process
had been issued for the witness, that any ef-
fort had been made to take his or defendant's
deposition, of what he or defendant would
have testified to, etc.

Appeal from District Court, Eastland Coun-
ty.; Joe ·Burkett, Judge.

Suit by M. E. Cade and others against J.
F. Hutson.   From judgment for plaintiffs,
defendant appeals.   Affirmed.

Scott & Brelsford, of Eastland, for appel-
lant.

J. H. Beall & Son, of Sweetwater, for ap-
pellees.

BUCK, J.   This is a suit instituted by
plaintiffs to cancel an oil and gas lease on
certain lands in Eastland county.   Only one
question is presented in this appeal, to wit:
Did the trial court err in ·overruling defend-
ant's motion for ·a continuance?   The 'follow-
ing is the statement under appellant's only
assignment as contained in his brief:

"The district court of Eastland county con-
vened on November 18, 1918, and this case set
for November 21, 1918.   Upon call of this case
on November 21st, defendant's attorneys moved
the court ·to postpone this cause on account of
the absence of the defendant and his only
witness, both of whom were then in attendance
upon the district court of Comanche county,
Tex., and then engaged in the trial of a case
in which defendant and his said witness were
parties, whereupon the court postponed the
trial of this cause until November 22, 1918.

Upon call of this case on November 22d, at-
torneys for defendant, by motion duly sworn,
to, moved the court to postpone or continue
this cause, on account of the absence of de-
fendant and his witness then engaged in the
trial of an important case in the district court
of Comanche county, Tex., which motion the
court overruled, to which ruling of the court
the attorneys for defendant duly excepted, as
shown by bill of exception No. 1.   The cause
proceeded to· trial, plaintiffs introduced evi-
dence, and judgment rendered for plaintiffs."

The trial court approved appellant's bill
of exception to the overruling of his motion
for continuance in the following words:

"Approved, with explanation that this case
was set at a previous term for a day certain
and the defendant was at Comanche on a new
case, that is an appearance. case, and this case
was postponed two days awaiting defendant."

[1, 2] Neither in defendant's motion for a
continuance, presented and sworn to by his
attorney, nor in his motion for new trial,
sworn to by defendant himself, is it shown
that any process had been issued for the wit-
ness Kirkpatrick, nor that any effort had
been made to take the deposition of said wit-
ness or of the defendant himself; nor is it
shown what said witness or the defendant
himself would have testified if present.   No
diligence is shown, except—

"That on the night of November 20, 1918, af-
fiant was informed by said witness, who was
then in Comanche, Tex., 75 miles distant from
Eastland, that the defendant, J. F. Hutson, and
said witness, A. B. Kirkpatrick, were parties to
a suit pending in the district court of Co-
manche county, Tex., and set for trial on No-
vember 21, 1918, being the same day this cause
was set down for trial in this court, and that
it would be impossible to be present at both
places the same day.   That upon the call of
this case for trial on the 21st day of November,
1918, at the request of defendant's attorney
this case was postponed until November 22d, at
1 p. m., in order to permit the attendance of
the said defendant and his said witness, A. B.
Kirkpatrick, in this court in the trial of this
cause.   That affiant had communicated with
said defendant, J. F. Hutson, and his said wit-
ness, A. B. Kirkpatrick, on the evening of No-
vember 21st, and was informed by said Hutson
that said cause in the district court of Co-
manche county was then on trial and would
continue through November 22, 1918, and that
he nor the said witness could possibly attend in
this court on said November 22, 1918. * * *
That it is material for the rights of the defend-
ant that defendant himself and his said witness
be present on the trial of this cause to assist in
the conduct of his defense in this cause, and
to testify as witnesses herein.   That without
the attendance of said witness and the said
defendant, that affiant, his attorney, will be un-
able to properly present his defense in this
cause.   That said defendant and his said
witness will be able to be present at the trial
of this cause, if the same is postponed or con-
tinued· until the next term of this court."

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The motion for continuance or postponement fails to disclose whether such motion was the first, second, or third application for such purpose; neither does the motion comply with the statutory requirements as laid down in article 1918, Vernon's Sayles' Texas Civil Statutes, as to showing the materiality of the testimony of said witness, or that defendant had used due diligence to procure such testimony, stating such diligence, and also what he expected to prove by said witnesses, and also that the continuance was not sought for 'delay only, but that justice might be done.

Where the application is not statutory, a party is not entitled to continuance as a matter of right; but such application is addressed to the sound discretion of the court, and will not be revised unless a pronounced abuse of such discretion be shown. T. & P. Ry. Co. v. Hall et ux., 83 Tex. 675, 19 S. W. 121; Wiggins v. Fleishel, 50 Tex. 57; T. & P. Ry. Co. v. Hardin, 62 Tex. 367; I. & G. N. Ry. Co. v. Fisher, 28 S. W. 398, writ of error refused in 93 Tex. 710, 29 S. W. xxi. In support of the action of the court in refusing the continuance, every presumption of its correctness consistent with the record is to be indulged. I. & G. N. Ry. Co. v. Newburn, 94 Tex. 310, 60 S. W. 429.

We are not able to hold that the trial court erred in failing to grant the continuance or a postponement. Plaintiffs alleged fraud and misrepresentation on the part of defendant's agent, one George Hardin, in securing the signature and acknowledgment of those members of the Cade family who in fact did sign the lease, and that said Hardin, as defendant's agent, represented to those plaintiffs signing the instrument that it would not be operative and would not be delivered to defendant until certain other members of the family, sons of Mrs. M. E. Cade, and interested in the ownership of the property, had executed such instrument. Defendant alleged:

That plaintiffs executed said lease "and delivered the same to one George Hardin to be delivered to this defendant; that, after plaintiffs had executed said lease, this defendant agreed to take said lease or the interest in said land so owned by said plaintiffs and pay them the pro rata amount so agreed upon as being the amount to which plaintiffs were entitled under the agreement, and authorized the bank to pay to plaintiffs the said amount of money, and through said bank tendered to plaintiffs the amount of money to which they were entitled under said lease agreement, but said plaintiffs, so defendant is informed, refused to accept said money."

Hardin did not testify, nor did defendant's application for continuance include his name. But the insistence of appellant in his brief is that Kirkpatrick was his "only witness." No reason is disclosed why the testimony of Kirkpatrick could not have been secured.

It is in evidence that some bank sent a check "for three hundred and some odd dollars" in payment of the annual rental on the leased land, containing 738 acres, and that Mrs. Cade, the mother, received said check, and that on the check was a notation of instructions that the banker was not to pay it until all of the heirs signed the lease. This evidence very strongly corroborated the contention of the plaintiff that the understanding between plaintiffs and the witness Hardin, who was the notary public taking the acknowledgment, was that the lease was not to be operative until all the heirs had executed it.

[3] In view of the defects in the application heretofore pointed out, and in view of the state of the record as a whole, we have concluded that no reversible error is shown in the action of the court in refusing the continuance, and the judgment is therefore affirmed.