### ·LOWE v. LOWE.   (No. 262.)

Court of Civil Appeals of Texas.   Eastland.
March 4, 1927.

**1. Continuance ⬳10—Overruling motion for continuance in divorce suit because defense to divorce would necessitate divulging defense in pending murder prosecution held not abuse of discretion.**

Where defendant in divorce suit moved for continuance on ground that his defense .in the divorce suit would involve facts which constituted his defense in a pending murder prosecution. for killing man alleged to be the wife's lover, overruling motion *held* not abuse of discretion.

**2. Continuance ⬳7—Motion for continuance is addressed to court's discretion.**

A party is not entitled to a continuance, as a matter of right, where the application is not statutory, but such application is addressed to the sound discretion of the court.

**3. Appeal and error ⬳966(1)—Trial court's decision in overruling motion for continuance will not be reviewed except for abuse of discretion.**

Ruling on motion for continuance is discretionary with the trial court, and its decision will not be reviewed unless a pronounced abuse of such discretion be shown.

Appeal from District Court, Haskell County; Bruce W. Bryant, Judge.

Action for divorce by Lela Lowe against E. R. Lowe. From a judgment for plaintiff, defendant appeals. Affirmed.

Ratliff & Ratliff, of Haskell, for appellant.
Murchison & Davis, of Haskell, for appellee.

LESLIE, J. This is an appeal from a judgment in the district court of Haskell county, awarding appellee a divorce and the custody of the minor children born to her and appellant. The record presents two assignments of error, the first to the action of the court in overruling appellant's general demurrer to the petition, and the second to the action of the court in overruling the appellant's motion for a continuance.

The first error complained of is fundamental. We have considered the appellee's petition, and, having discovered no essential allegation lacking therein, the first assignment is overruled.

[1] The second assignment complains of the act of the court in overruling the appellant's motion for a continuance. The brief

of the appellant is devoted to this assignment. The record in this respect presents an unusual and somewhat novel state of facts. The appellant had entered a general denial to the allegations of plaintiff's petition, specially denied the allegations of cruel treatment, and affirmatively asserted that the appellee had not left him by reason of cruel treatment, but that she had left him by reason of an infatuation for a man whom the appellant had killed, and for which he was then under indictment; that said case was then set for trial in that court at that time, and that the attorney representing the appellee in the trial of this divorce case was private prosecutor of defendant in the murder charge; that if the divorce suit was tried first, the defendant (appellant) would be denied the right to present his defense to the same for the reason that he could not afford to testify therein and thus allow the attorney for the appellee to cross-examine him in the trial of the divorce cause, thus having his testimony reduced to writing and used to his disadvantage in the trial of the murder case; that if required to go on the stand and testify in the divorce trial, he would be compelled to divulge in advance his defense in the murder trial; that by so doing, his defense in the criminal charge would be impaired; and that such testimony in part necessary to refute the allegations of the petition for divorce could not be given by any other witness than himself. This is a substantial statement of the substance of the motion for continuance.

It is not claimed that the application for continuance is a statutory one, but it is earnestly insisted that the motion presents equitable grounds calling for a continuance and a reversal of the judgment in the trial court. We are referred to the case of Anthony v. Clarke, 1 R. I. 284, to which we have not had access, but the syllabus of which, as set out in Corpus Juris, vol. 13, p. 135, indicates that a similar state of facts under like circumstances works a continuance of such a cause of action in that state. Diligent search has been made to ascertain whether that authority has been followed by the courts in this state or elsewhere. We do not find that it has. The efficient service of Corpus Juris, though referred to, finds no additional citation to the proposition, and we are left to dispose of this appeal upon another principle of our procedure.

[2, 3] The trial court, in which both the divorce and the murder case were pending, had the parties and the record before it, and was in a better position than this court to properly weigh the issues and surrounding circumstances. The allegations of the motion presented a situation calculated to challenge a serious and equitable consideration at a bar of justice. It was the duty of the trial court to see that neither the frailties nor misfortunes of the appellant, evidenced by the criminal charge, deprived him of any substantial right in the civil court, provided it could be done without an unreasonable disregard of the rights of others under the law. However, as noted, the motion was one addressed to the sound discretion of the trial court. Under the rule, well recognized in the decisions of this state, this court must sustain the action of the trial court, "unless a very clear abuse of discretion is shown." Goodwin v. American National Bank of Shreveport (Tex. Civ. App.) 236 S. W. 781; Hutson v. Cade et al. (Tex. Civ. App.) 217 S. W. 488. From the latter case is taken the excerpt:

"Where the application is not statutory, a party is not entitled to continuance as a matter of right; but such application is addressed to the sound discretion of the court, and will not be revised unless a pronounced abuse of such discretion be shown. T. & P. Ry. Co. v. Hall et ux., 83 Tex. 675, 19 S. W. 121; Wiggins v. Fleishel, 50 Tex. 57; T. & P. Ry. Co. v. Hardin, 62 Tex. 367; I. & G. N. Ry. Co. v. Fisher [Tex. Civ. App.] 28 S. W. 398, writ of error refused in 93 Tex. 710, 29 S. W. 21. In support of the action of the court in refusing the continuance, every presumption of its correctness consistent with the record is to be indulged. I. & G. N. Ry. Co. v. Newburn, 94 Tex. 310, 60 S. W. 429."

Under the state of the record, for the reasons given, and upon the principle announced in the authorities cited, the second assignment is overruled, and the judgment of the trial court is affirmed.