## PAYNE v. LATHAM. (No. 1701.)

Court of Civil Appeals of Texas. Beaumont. May 23, 1928.

Rehearing Denied June 13, 1928.

**1. Continuance ⬤⟝5—Application for continuance by defendant not filing answer could not be granted under mandatory provisions of statute requiring defense before application can be heard (Rev. St. 1925, art. 2167).**

Where defendant did not answer plaintiff's petition, application for continuance on ground that defendant was sick and unable to attend court, stating that defendant had a meritorious defense, could not be granted under mandatory provisions of Rev. St. 1925, art. 2167, providing no application shall be heard before defendant files his defense.

**2. Continuance ⬤⟝37—Application for continuance, sworn to by affiant to best of his knowledge and belief, held not properly verified (Rev. St. 1925, art. 2167 et seq.).**

Where application for continuance was sworn to by counsel and stated facts set forth were true and correct to best of affiant's knowledge and belief, application was not properly verified under Rev. St. 1925, art. 2167 et seq., requiring affiant to affirmatively swear to facts set forth in application to obtain continuance.

**3. Appeal and error ⬤⟝966(2)—Continuance ⬤⟝12—Application for continuance for sickness of defendant held addressed to court's discretion, and, since based on question of fact, trial court's ruling will not be reversed unless abused.**

Application for continuance on ground that defendant was sick and unable to attend court, stating she had meritorious defense, and briefly reciting defendant's testimony, *held* addressed to discretion of court, and, since based on question of fact, judgment of trial court will not be disturbed unless it clearly appears that court abused discretion.

**4. Continuance ⬤⟝48—Whether defendant, applying for continuance because of illness, was malingering, held question for court.**

On application for continuance on ground that defendant was sick and unable to attend court, question whether defendant was malingering was one for court to determine from all facts in evidence.

Appeal from District Court, Shelby County; R. T. Brown, Judge.

Suit by H. M. Latham against Mrs. S. S. Payne. Judgment for plaintiff, defendant's motion for new trial was overruled, and defendant appeals. Affirmed.

Sanders & Sanders, of Center, for appellant. J. P. Anderson and E. B. Lewis, of Center, for appellee.

O'QUINN, J. Appellee sued appellant to cancel and annul a deed executed by him to appellant to certain land situated in Shelby county, Tex., on the grounds of failure of consideration, undue influence, and fraud on the part of appellant in securing the execution of the deed by appellee.

When the case was called for trial, counsel for appellant presented a motion for a continuance, on the ground that she was sick and unable to attend court, stating that she had a meritorious defense to appellee's cause of action, and briefly what she would testify. This was the first motion for a continuance, and was in proper form. The motion was sworn to by appellant's counsel, and stated that "the facts set forth in the above and foregoing petition are true and correct to the best of his knowledge and belief." The motion was contested by appellee on the ground that appellant was malingering, and after a full hearing was denied by the court.

After the motion for a continuance was overruled, the case was tried to the court without a jury, and judgment rendered in favor of appellee canceling the deed and awarding a writ of possession to appellee for the land. Motion for a new trial was overruled, and the case is before us for review on appeal.

Appellant's principal contention is that the court erred in overruling her application for a continuance, for in that she says: (a) She was entitled to a continuance as a matter of right: and (b) that, if the motion was such as was within the discretion of the court, then that the court abused his discretion in refusing same.

[1-4] No answer to appellee's petition was filed by appellant. Article 2167, Revised Civil Statutes 1925, provides that no application shall be heard before the defendant files his defense. Under the plain, mandatory provisions of this law, the application could not be granted. Moreover, the motion was not properly verified. The statute requires that the affiant affirmatively swear to the facts set forth in the application to obtain a continuance. As stated above, this was not done, but only to the best of affiant's knowledge and belief. International & G. N. Railway Co. v. Biles & Ruby, 56 Tex. Civ. App. 193, 120 S. W. 952; Gulf, C. and S. F. Railway v. Brown (Tex. Civ. App.) 75 S. W. 807, writ refused. Aside from what we have said, no error in overruling the motion is shown. The motion was addressed to the sound discretion of the court, and was based upon a question of fact. In such case the

---

⬤⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

judgment of the court below will not be disturbed unless it is clearly made to appear that the court abused his discretion. The question of whether appellant was malingering was one for the court to determine from all the facts in evidence, and we think the record is sufficient to sustain the court's ruling. Alderete v. Mosley (Tex. Civ. App.) 200 S. W. 261.

The judgment is affirmed.