## FEDERAL UNDERWRITERS EXCHANGE v. RIGSBY.

### No. 3273.

Court of Civil Appeals of Texas. Beaumont.

Feb. 17, 1938.

Saunders & Williams, of Dallas, Lightfoot, Robertson & Gano, of Ft. Worth, Seale & Thompson, of Nacogdoches, J. J. Collins, of Lufkin, J. P. Moseley, of Longview, and P. H. Garrison, of Lufkin, for appellant.

Denman & Fowler, of Nacogdoches, for appellee.

WALKER, Chief Justice.

This is a compensation case, an appeal by appellee, W. H. Rigsby, the employee, from an adverse award of the Industrial Accident Board in favor of appellant, Federal Underwriters Exchange, the insurance carrier, filed in the district court of Nacogdoches county; J. E. Stone Lumber Company, a partnership, was the alleged employer. As grounds for setting aside the award of the board, appellee alleged his employment, that he was injured while in the course of his employment, and that he had suffered total, permanent incapacity; he alleged his daily wage, and prayed for compensation for total, permanent incapacity, to be paid in a lump sum. Appellant answered by demurrers, general and special, general and special denials, and, further, that appellee was not an employee of J. E. Stone Lumber Company, but of Arthur Manning, an independent contrac-

tor for J. E. Stone Lumber Company. The jury found the following facts: On the 21st day of December, 1935, appellee was in the employment of J. E. Stone Lumber Company; on that day, while in the course of his employment, he sustained personal injuries, which arose out of his employment and resulted in his total, permanent incapacity to perform labor; additional facts entitling him to a lump-sum settlement; and on the day appellee was injured, Arthur Manning "was not acting as an independent contractor for J. E. Stone Lbr. Co." Many other issues not involved in this appeal were submitted to and answered by the jury. On the undisputed facts, the court found that appellant was the compensation insurance carrier of J. E. Stone Lumber Company, and the other facts conferring jurisdiction on the district court to entertain the appeal. On the verdict of the jury and the facts found by the court, judgment was rendered in appellee's favor against appellant for the sum of $2,375.43, to be paid in a lump sum, interest, costs, etc.

■ In his claim for compensation filed with the Industrial Accident Board, appellee made the following statement: "State part of body injured and nature and extent of injury"; answer, "head breast back." That statement was all the description given in his claim of the "nature and extent of his injuries." On this statement, appellant presents the proposition that the district court—on the issue of the amount in controversy—did not have jurisdiction of appellee's appeal from the award of the Industrial Accident Board. That contention is denied. Texas Indemnity Insurance Co. v. White, Tex.Civ.App., 37 S.W.2d 277.

■ The court gave the jury the following general charge on the burden of proof: "This case will be submitted to you upon special issues, which you will answer as you find the facts to be, from a preponderance of the evidence; that is, the greater weight of the credible evidence."

The special issues were submitted to the jury as follows: "Do you find from a preponderance of the evidence," etc., and directed the jury to answer each question "Yes" or "No", "as you find the facts to be." The charge on the issue of burden of proof was error. In Fidelity & Casualty Co. v. Van Arsdale, Tex.Civ.App., 108 S.W.2d 550, 554, it was said:

"Under its thirteenth and fourteenth propositions, appellant attacks the charge of the court upon the preponderance of the evidence. The jury were charged that the preponderance of the evidence meant the greater weight of credible testimony by either side adduced. Each question asked, 'Do you find from a preponderance of the evidence, etc.,' and at the close instructed them to answer 'Yes or no, as you may find the facts to be.' Appellant contends that the form of the special issues, when taken in connection with the instruction in the general charge on the preponderance of the evidence, placed upon it the burden of proving the negative of each issue in the same manner as it placed upon appellant the burden of proving the affirmative thereof. Under the holdings of the courts, we think the contention is correct. The issues should be so framed as definitely to place the burden upon the party pleading the affirmative of the question included in the special issue. The court instructed the jury that the preponderance of the evidence meant the greater weight of the credible testimony by either side adduced. The special issues submitted asked the jury, 'Do you find from a preponderance of the evidence,' and then required them to answer, 'Yes or no, as you may find the facts to be.' Under these instructions, if the jury should answer in the affirmative, the charge indicates it must be upon a preponderance of the evidence as defined in the charge, and, if they should answer in the negative, their answer should likewise be based upon a preponderance of the evidence. To say the least, the instructions, if literally interpreted, were confusing and did not definitely and clearly place the burden of proof. Psimenos v. Huntley (Tex.Civ.App.) 47 S.W.2d 622; Houston & T. C. Ry. Co. v. Stevenson (Tex.Com.App.) 29 S.W.2d 995; McClelland v. Mounger, 107 S.W. 2d 901, recently decided by this court; Commercial Standard Ins. Co. v. Noack (Tex.Com.App.) 62 S.W.2d 72."

Appellant assigns as error the defects discussed in the Van Arsdale Case.

■ That Arthur Manning was not an independent contractor was so clearly raised by the evidence that we overrule appellant's exceptions to the submission of that issue, without quoting from the evidence or citing authorities; and there was no error in the form and manner in which the issue was submitted to the jury.

Dr. Denman testified as an expert witness for appellee, after having examined him only that he might qualify as a witness; he gave him no treatment. His testimony did not fall within "the hearsay rule" enforced by this court in Republic Underwriters v. Lewis, Tex.Civ.App., 106 S.W.2d 1113. Dr. Denman gave his direct evidence on the result of his own examination of appellee and the facts given him in a long, hypothetical question. No element of hearsay entered into his opinion as given on his direct examination. On cross-examination appellant developed the facts upon which it attacks Dr. Denman's testimony, and these facts entered only into his expert opinion as given on his cross-examination, a result of which appellant cannot complain.

Other points of error need not occur on another trial.

For the error in the court's charge, the judgment of the lower court must be reversed and the cause remanded.

Reversed and remanded.