## FEDERAL UNDERWRITERS EXCHANGE v. RIGSBY.

### No. 3452.

Court of Civil Appeals of Texas. Beaumont.
May 31, 1939.

Rehearing Denied July 20, 1939.

J. J. Collins and Pitser H. Garrison, both of Lufkin, and Claude Williams, Henry D. Akin, and Benbow, Saunders & Holliday, all of Dallas, for plaintiff in error.

Denman & Fowler, of Nacogdoches, for defendant in error.

COMBS, Justice.

This is the second appeal of this case. See Federal Underwriters Exchange v. Rigsby, Tex.Civ.App., 114 S.W.2d 354.

W. H. Rigsby was the employee, J. E. Stone Lumber Company the alleged employer and plaintiff in error was the compensation insurance carrier for the J. E. Stone Lumber Company.

Appellee Rigsby was a log cutter. On September 21, 1935, he was struck by a falling tree and severely injured, sustaining injuries to his head, neck and chest, from which he was confined to his bed for about three months. He then became able to leave his bed and walk about, but has never been able to do manual labor. At the time of the trial he was suffering from an advanced case of tuberculosis, which his medical testimony tended to show was brought on, and caused to become active, by the injury to his chest and lungs. Under the findings of the jury he is totally and permanently incapacitated as a result of his injuries. The jury also found that he was an employee of the J. E. Stone Lumber Company, and not the employee of Arthur Manning, an independent contractor. The jury also found facts entitling plaintiff to a lump sum settlement and the trial court entered judgment in his favor for $2,468.23, the amount being computed on the basis of the minimum of $7 per week, for 401 weeks, less $77 previously paid him by the defendant, and allowing the statutory discount for lump sum payment. All findings of the jury have abundant support. In fact, the appellant does not attack the sufficiency of the evidence to support the findings.

Opinion.

■ The trial court did not commit reversible error in overruling defendant's motion for continuance because of the absence of the witnesses Harwood and Manning. Harwood, who was the general claim agent of the defendant, lived in Galveston. He was ill at the time of the trial. An assistant, Smith, who could have testified to the same matter, which related to the independent contractor issue, was out of the office and could not be located. Manning was a resident of Nacogdoches County, and no subpoena was issued for him until the day of the trial, although the case had been set for trial some time. No diligence was shown. Furthermore, these witnesses had testified on former trial, and plaintiff's counsel tendered the statement of facts, duly approved and certified, and the defendant elected not to offer their testimony as given on the former trial. And finally, the evidence so conclusively established that Rigsby was an employee of J. E. Stone Lumber Company that we fail to see how any serious question could have been raised about it. We so held on the former appeal of this case with the testimony of Manning and Harwood before us.

■ The granting or refusing of a continuance is in the first instance, for the determination of the trial court in the exercise of a reasonable discretion. Hunt v. Makemson, 56 Tex. 9; Payne v. Latham, Tex.Civ.App., 8 S.W.2d 326, and authorities cited. And to constitute reversible error on appeal, it must be clearly shown that the trial court abused his discretion in refusing to grant the continuance. Texas & P. R. Co. v. Hall, 83 Tex. 675, 19 S.W. 121; International & G. N. Ry. Co. v. Newburn, 94 Tex. 310, 60 S.W. 429. Here appellant fails to show any injury, or to raise even an inference that the trial court abused his discretion.

■ Appellant contends that jurisdiction of the trial court was not shown because the claim filed with the Industrial Accident Board did not show that the amount claimed was in excess of $500. The assignment is overruled. The claim filed was for the identical injury here sued upon. Booth v. Texas Employers' Ins. Ass'n, Tex.Com.App., 123 S.W.2d 322; Ætna Casualty & Surety Co. v. Ware, Tex. Com.App., 123 S.W.2d 332; Federal Underwriters Exchange v. Cost, Tex.Civ.App., 115 S.W.2d 706; affirmed by Supreme Court, 123 S.W.2d 332.

■ The trial court admitted copy of the award of the Industrial Accident Board,

for jurisdictional purposes, and appellant complains that the order does not show that it was passed by the Board, with a quorum present, etc. The order was certified by the secretary and was clearly admissible. Vernon's Ann.Civ.St., Art. 8307, Sec. 8; Federal Underwriters Exchange v. Ener, Tex.Civ.App., 126 S.W.2d 769.

■ The trial court did not err in not submitting to the jury an issue on the weekly wage of the plaintiff. The evidence was undisputed that he was working eight hours per day, six days per week at 24 cents per hour at the time of his injury. He had not been working one year. He claimed only the minimum rate of compensation, $7 per week, and any finding the jury might have made could not have lessened his recovery.

■ Error is also assigned that plaintiff failed to plead and prove that Federal Underwriters Exchange is such legal entity as can sue and be sued. No denial under oath was filed by the defendant. Instead it has appeared by counsel and joined issue in this case on two trials, and now seeks to raise the point that plaintiff *failed to show* it had a right to do so. This very point was decided adversely to appellant by this court in the recent case of Federal Underwriters Exchange v. Ener, Tex. Civ.App., 126 S.W.2d 769, writ dismissed, "Correct Judgment."

■ Complaint is made of the introduction of the testimony of Dr. Denman on the ground a sufficient predicate was not laid for its introduction. We decided this point against appellant on the former appeal. But appellant now urges a new objection to the effect that Dr. Denman, as a basis for his testimony, used X-ray pictures of plaintiff, which were not introduced in evidence, not taken by Dr. Denman and not shown to be correct. The facts on that point are that Dr. Denman, on examination by defendant's attorney, stated that when he examined plaintiff X-ray pictures were made, which he considered. He stated further that his technician made the pictures under his direction, that he was present when they were made and developed. The trial court properly overruled defendant's objection to the admission of Dr. Denman's testimony.

■ The trial court did not err in permitting the introduction of the testimony of Mrs. Rigsby as given on the former trial of this case. Her physician testified that she was sick in bed and could not attend court. On the former trial the issues were the same and defendant had full opportunity of cross examination. And we will add that appellant has not shown any injury resulting to it from the failure of Mrs. Rigsby to testify in person at the present trial. Such being the facts, there is no showing that the trial court abused his discretion in permitting introduction of her testimony from the properly approved and certified statement of facts on the former trial. Trinity & B. V. Ry. Co. v. Geary, Tex.Civ.App., 194 S.W. 458, 460; Houston v. Blythe, 60 Tex. 506; Ross v. Martin, 104 Tex. 558, 140 S.W. 432, 141 S.W. 518.

We have carefully considered the lengthy brief of appellant—343 pages—and find no reversible error. To take up and discuss all the assignments, or even a major portion of them, is out of the question. We have discussed what appear to be the ones chiefly relied on for reversal. All assignments are overruled.

Judgment affirmed.

## On Rehearing.

■ In its motion for rehearing, appellant complains that we did not discuss its assignments complaining of the submission of issues pertaining to appellee's injuries generally. It says: "Three times since the first of the year have we submitted propositions to Courts of Civil Appeals assigning as error the submission of the issue as to whether or not the employee sustained injuries generally without limiting same to the injuries that are actually pleaded and sustained by the proof, and three times have said Courts of Civil Appeals held that the submission of such issue in such form was reversible in the following cases, to-wit: Federal Underwriters Exchange v. E. E. Arnold, 127 S.W. 972, decided by the Fort Worth Court of Civil Appeals on March 31, 1939; Southern Underwriters v. S. C. West, 126 S.W. 2d 510, decided by the San Antonio Court of Civil Appeals on January 25, 1939; and Southern Underwriters v. Thompson, 127 S.W. 389, decided by the El Paso Court of Civil Appeals on March 16, 1939."

We recently ruled against appellant on this question in the following cases: Federal Underwriters Exchange v. Carroll, 130 S.W.2d 1101; Southern Underwriters v. Thomas, Tex.Civ.App., 131 S.W.2d 409; In those two cases the views of this court on

the questions involved were fully expressed. Here, as in those cases, the plaintiff suffered only one accident or injury, and his suit was for disability resulting from a general injury received at that time. The issues, as framed were not subject to the objections urged.

The motion for rehearing is overruled.