### D. C. Norton v. Elizabeth Schmucker et al.

#### No. 3136.

Parties—Warranty—Warrantors.—Norton sued Schmucker and the Trammells, alleging that Schmucker was a trespasser upon land described and deprived plaintiff of possession; that plaintiff had acquired the land by purchase from Trammell and wife, and that they executed to him their deed with general covenants of warranty, and that by reason of such covenants they are liable for the amount sued for. Prayer, that failing to recover the land, he have judgment against the Trammells on their warranty. *Held*, that a demurrer urged by the Trammells was properly sustained; the covenant of warranty does not oblige them to protect against trespassers or illegal entry upon the land.

Appeal from Dallas. Tried below before Hon. Chas. Fred. Tucker.

The opinion states the case.

*Kearby, McCoy & Hayter,* for appellant.—1. It is not the amount of damage claimed, but the necessary adjudication of title, as the leading issue to recover upon the warranty deed, which gave jurisdiction; the amount being the incidental issue. Rev. Stats., art. 4794; Templeman v. Gresham, 61 Texas, 50–53.

2. There can be no multifariousness, inconsistency, repugnancy, or misjoinder of parties or causes of action when only the trespassers and immediate warrantors are parties opposed to the party asserting title under the warranty deed against the trespasser, and demand alternatively against the warrantors. Nye v. Gribble, 70 Texas, 458; Ackerman v. Huff, 71 Texas, 319; Clegg v. Varnell, 18 Texas, 303; Jones v. Ford, 60 Texas, 129.

3. A party is entitled to have his warrantor a party and adjudication thereon when his title is litigated, beyond the purpose of active relief against said warrantor, and for the purpose of notice to said warrantor of such title being assailed, and if he fails to defend, to avoid readjudication of such title as precedent to recovery on the warranty. Brown v. Hearon, 66 Texas, 65; Clark v. Mumford, 62 Texas, 533.

*George H. Plowman,* for appellees.—1. The court properly sustained appellees' general demurrer and suggestion of want of jurisdiction. Rev. Stats., art 1161; Williams v. Truit, 1 Ct. App. C. C., 519; Flanagan v. Ward, 12 Texas, 209; Turner v. Miller, 42 Texas, 418; McClelland v. Moore, 48 Texas, 363; Clark v. Mumford, 62 Texas, 531; Rawles' Cov. for Titles, 5 ed., sec. 155; Nichols v. Hill, 32 Texas, 517; Weir v. McGee, 25 Texas Sup., 20; Hatch v. Garza, 22 Texas, 177; Daughtrey v. Knolle, 44 Texas, 451.

2. The court had no authority to compel appellees to prosecute and defend, and this assignment is not in conformity with the rules, and should not be considered. It is a novel idea that appellant could sue a mere trespasser and his warrantors before there was a breach of the warranty, and then get the court to compel the warrantors to prosecute their suit against the trespasser and at the same time defend against an imaginary cause of action of the plaintiff (appellant).

FISHER, JUDGE, *Section B.*—This suit was brought in form of trespass to try title, by appellant, against appellee Schmucker, and against appellees W. A. Trammell and his wife M. E. Trammell, to recover $450 for breach of the covenants of general warranty contained in a deed executed by the Trammells to appellant, wherein they conveyed the land in controversy. The petition is in the ordinary form, and alleges that defendant Schmucker is a trespasser on the land by an unlawful entry by him. The petition prays, that if plaintiff is not successful in the suit for the land, then he have judgment against the defendants Trammells on their covenants of warranty for the amount sued for, and that the Trammells be compelled by virtue of their warranty to prosecute and defend the suit for the land.

Appellee Schmucker pleaded not guilty. Appellees Trammells filed a general demurrer, and further demurred to the petition because it is multifarious, and that there is a misjoinder of defendants; there is a misjoinder of causes of action; there is no privity between the parties entitling appellant to sue appellees the Trammells; that the petition is inconsistent, repugnant, and contradictory.

The court below sustained these demurrers, and also held, that as the amount sued for as the result of the breach of warranty was less than $500, the District Court had no jurisdiction. The appellant declined to amend, and the suit was dismissed as to appellees Trammells. Upon a trial of the cause between appellant and appellee Schmucker, judgment was rendered in favor of Schmucker.

Two questions are presented for our consideration: 1. Did the court err in sustaining the demurrer? 2. Did the court err in dismissing the case for want of jurisdiction? If we hold that the court did not err in sustaining the demurrers to the petition, it disposes of the case, and it becomes unnecessary to decide the second question. The peti-

tion charges that appellee Schmucker is a trespasser, and unlawfully entered upon the land and deprived plaintiff of possession. It alleges that plaintiff acquired the land by purchase from appellees the Trammells, and that they executed to plaintiff their deed with general covenants of warranty, and that by reason of such covenants they have become liable to plaintiff for the amount sued for. The prayer is, that if plaintiff should fail to recover the land, then he have judgment against the Trammells on their warranty. The petition alleges these facts in one common count. The case made by the petition is one where the plaintiff charges in effect that Schmucker (the trespasser) has no title and is in unlawful possession. He asks that the Trammells be compelled to prosecute the suit against the trespasser. The warrantor is not bound nor liable to protect his vendee against the assertions of a trespasser, nor is he bound to protect him against unlawful claims or title. It is only where the adverse claim or title is superior that the warrantor is liable. There are no allegations in the petition alleging that the title of Schmucker is superior, but, on the contrary, the inference is that he has no title, as he is only charged to be a trespasser. It does not appear from any averments of the petition that there has been or is any danger of eviction by Schmucker by virtue of any superior outstanding title in him. The allegations of the petition do not show a cause of action against the warrantor.

The court correctly sustained the demurrer, and appellant declining to amend, correctly dismissed the suit. We do not intend to intimate that the plaintiff can or can not in trespass to try title bring in his vendor on his warranty and have that matter adjudicated. It is unnecessary to pass upon that question, and we express no opinion concerning it.

We conclude the case should be affirmed, and so report it.

*Affirmed.*