ASHBY S. JAMES ET AL. v. J. H. LAMB ET AL.

No. 82.

1. **Covenants of Warranty—Measure of Damages for Breach of.** Where land is conveyed by deed of general warranty, and the title thereto fails by reason of the original sale thereof by the State proving void, and the vendee in such warranty deed, who is in possession, and who had assumed the payment of purchase money due the State thereon by his grantor, himself purchases the land from the State, the measure of his damages on the warranty, in the absence of fraud or misrepresentation on the part of the grantor, is not the purchase price paid the grantor, but the loss, if any, sustained in thus perfecting the title.

2. **Cases Distinguished.**—The cases of Wheeler v. Styles, 28 Texas, 240, and Rodgers v. Daily, 46 Texas, 578, distinguished from the present one as being cases of executory contracts without covenants of warranty for the sale of vacant public domain.

APPEAL from Wichita. Tried below before Hon. P. M. STINE.

*James & Chambers*, for appellants. — The measure of damages on a breach of warranty of title to land, where the vendee has voluntarily purchased a paramount outstanding title before eviction, is limited to the cost and expenses of his purchase of such outstanding title. An outstanding title purchased by a vendee while he remains in possession enures to the benefit of the vendor. Denson v. Love, 58 Texas, 468; McClelland v. Moore, 48 Texas, 355.

*Flood & Cobb* for J. H. Lamb, and *J. S. Hogg*, Attorney-General, and *Flood & Cobb*, for the State of Texas.— 1. The first sale of the land by the State to William Still was void. Martin v. McCarty, 74 Texas, 128; The State v. Opperman, 74 Texas, 136.

2. Appellee could repudiate the contract and recover the purchase money without surrendering possession. Wheeler v. Styles, 28 Texas, 240; Rodgers·v. Daily, 46 Texas, 583.

STEPHENS, ASSOCIATE JUSTICE.—In September, 1885, one William Still undertook to purchase from the State, through the Land Board, 333 acres of school land situated in Wichita County. He applied to purchase it as agricultural land, and obligated himself to live upon it as an actual settler, as provided by the law then in force. The sale to him in accordance with the regulations of the Land Board was not in compliance with the Act of 1883, and did not confer title upon him, among other reasons, because the sale was not made in the county or district where the land was situated, as required under that act. He also failed to become an actual settler. The State v. Opperman, 74 Texas, 136; Martin v. McCarty, 74 Texas, 128.

In March, 1887, he conveyed this land by warranty deed to appellant James, who assumed the payment of the notes executed by Still to the State. James likewise failed to become an actual settler, and in February, 1889, conveyed the same by a deed with covenant of general warranty to appellee J. H. Lamb and one Edwards. Lamb and Edwards paid James $200 cash, and executed four negotiable promissory notes for $294.05 each, and assumed the payment of the original Still notes, in consideration of this conveyance from James. Soon thereafter appellee Lamb acquired the interest of Edwards, and became an actual settler upon the land and continued to reside thereon.

When the act, passed April 8, 1889 (page 50), giving preference in the sale of school land to the actual settler took effect, he was residing upon the land. Soon thereafter he seems to have applied to the State, under the law then in force, to purchase this land; and this was followed by a suit to recover from appellant James the $200 previously paid him, and to have the notes, then in the possession of the Panhandle National Bank, cancelled. As grounds of recovery, he charged that appellant James had fraudulently represented himself to have title when he had none; that he had been deceived and defrauded in the transaction; and also alleged a breach of the covenant of general warranty. These allegations of fraud were wholly unsustained by the proof, and that issue was not submitted to the jury. The State intervened in this suit (presumptively at the instance of Lamb), and obtained a cancellation, as against appellant James, of the original contract of purchase made in the name of William Still.

Appellee Lamb recovered judgment against James for the $200, and

against appellant bank for the cancellation of the notes. From that judgment this appeal is prosecuted.

The court submitted as the measure of damages for a breach of the warranty, the purchase money paid and secured to appellant James, as set forth above. In his original petition, appellee Lamb alleged that in order to protect himself in the use, occupation, and enjoyment of the land, and to save the improvements he had placed thereon, he had been compelled to purchase and acquire title to the same from the State of Texas. In his first supplemental petition, in reply to the answer of appellant James, he alleged that he was in possession of the land described in his petition, holding the same from and under the State of Texas and pursuant to the law of the land, and not under the void title sold him by James.

The only assignments of error presented by appellants which seem to us to be well taken relate to the question of the measure of damages. The correctness of the rule followed in the trial below is not questioned in cases where the title has failed and the purchaser has lost the land. It seems to us, however, that this rule is not applicable to the case here submitted, inasmuch as appellee Lamb admits in his pleadings that he has acquired a title from the State, which we understand to mean that he has acquired such title as appellant James purported to convey to him. We are of opinion that the loss which he has sustained, if any, in securing by purchase from the State such right to the land as he would have acquired under the deed from James had the original purchase of Still been valid, is the true measure of his damages, as compensation for this loss will place him in statu quo. His purpose, as contemplated by all parties, in acquiring the land in the first instance seems to have been that he might settle upon it and enjoy it as a home, and after making full payment to the State, receive a patent. To the extent that the failure of the title which James' deed purported to convey rendered the accomplishment of this result more onerous and expensive to appellee, appellant James should respond in damages on his warranty.

Appellee Lamb relies upon the cases of Wheeler v. Styles, 28 Texas, 240, and Rodgers v. Daily, 46 Texas, 578, as authority for the proposition, that where the land sold turns out to be vacant public domain, the vendee may resist the payment of the purchase money, or recover it back when paid, without a surrender of the possession to the vendor, and at the same time acquire from the State a title to the vacant land. In each of those cases the contract of purchase was executory, there being only a bond for title and no covenant of warranty; hence the correctness of the rule as therein applied is not questioned. Where the contract is executed and a warranty of title is relied upon, as in this case, in the absence of fraud or other circumstances which would authorize a cancellation of the contract, we think it must be held that the covenant of warranty is a suf-

ficient consideration for the money paid and notes executed to obtain the warranty deed, and that the proper remedy is for damages for a breach of the warranty.

In the case of McClelland v. Moore, 48 Texas, 363, there was such a conveyance and covenant; and the land sold had been surveyed, but the certificate by virtue of which it had been surveyed was not returned to the General Land Office within the time required, and the survey was therefore forfeited and the land became subject to reappropriation. The vendee had it located and surveyed by virtue of a certificate belonging to him, and subsequently obtained a patent for it. In that case the rule was announced and applied, that "when the covenantee purchases the paramount title, the measure of damages is the actual loss thereby sustained; it is incumbent on the purchaser, in order to recover more than nominal damages, to prove the amount paid by him to extinguish the paramount title." We think this rule should be followed in measuring appellees' damages; compensation for the loss sustained being the desideratum of all the rules.

For the error of the court in submitting to the jury an incorrect rule for measuring the damages, the judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered January 31, 1893.