INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY ET AL. V.
BILES & RUBY.

Decided May 26, 1909.

**1.—Continuance—Verification.**

The affidavit in support of a motion for continuance must affirmatively swear
to the facts relied on; verification on information and belief of affiant is insufficient.

**2.—Amendment—Special Exceptions.**

No abuse of the discretion of the court in refusing defendants leave to amend
at the time the case was set and called for trial appeared where such leave was
granted on condition (which they refused to accept) that they strike out from
the amended answer special exceptions which would have resulted in a continuance
of the cause.

**3.—Carriers—Injury to Livestock—Evidence.**

Objections to proof that an animal which appeared to be injured during
its transportation by carrier had afterwards died, were addressed rather to the
weight than to the admissibility of the evidence, and were properly overruled.

**4.—Evidence—Bills of Exceptions.**

Objections to a question and answer of witness are not ground for reversal
where the bill shows that the question objected to was not in fact answered by
the witness.

**5.—Cross-Examination.**

No error appeared in refusal to permit the cross-examination of a witness
in regard to contracts which were not introduced in evidence.

**6.—Assignment of Error.**

An assignment that the court erred "in its charge to the jury and in each
and every part thereof because the same is an incorrect charge on the law of the
case" is too general to require consideration.

**7.—Brief—Propositions.**

Assignments of error not followed by propositions nor constituting propositions in themselves will not be considered.

Appeal from the County Court of Hays County.  Tried below before
Hon. Ed R. Kone.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher* (*King & Morris* and
*Spoonts, Thompson & Barwise,* of counsel), for appellants.

*Will G. Barber,* for appellees.

RICE, ASSOCIATE JUSTICE.—This suit was brought by appellees
against the International & Great Northern Railroad Company and the
Ft. Worth & Denver City Railway Company, to recover damages
claimed to have been sustained by them to a shipment of two carloads
of horses from Texline to Austin, Texas, over appellants' lines of railway, occasioned by rough handling and delays en route.

There was a jury trial and verdict and judgment in favor of appel-

lees against the International & Great Northern Railroad Company for $200, and against the Ft. Worth & Denver City Railway Company for the sum of $600, from which judgment this appeal is prosecuted.

Appellants' first two assignments of error complain of the action of the court in overruling their motion for a continuance. It appears from the application itself that many of the facts therein set forth upon which the motion is predicated are stated upon the information and belief of counsel for appellants, who was the affiant in said motion. It has heretofore been held by this court that such a verification is insufficient (St. Louis S. W. Ry. Co. v. Harkey, 39 Texas Civ. App., 523; Gulf, C. & S. F. Ry. Co. v. Brown, 75 S. W., 807), each of which cases hold that the law requires the affiant to affirmatively swear to the facts set forth in order to obtain a continuance. Besides this, it appears to us that the diligence shown in said application was insufficient, for which reasons these assignments are overruled.

The third assignment complains of the action of the trial court in refusing to permit appellants to file an amended answer. It is not made to appear from the bill of exceptions that the trial court abused its discretion in this respect; and it further appears therefrom that it, in effect, granted appellants the right to file said pleading, the court remarking that they could do so with the understanding that the special exceptions contained therein would be regarded as stricken out, whereupon appellants declined to file said answer. We think the ruling of the court under the circumstances was not error.

We overrule the fourth assignment, because we think the objection therein referred to goes more to the weight of the evidence than to its admissibility.

Taking all the facts as shown in the bill, we do not think the question complained of in the fifth assignment was leading.

The seventh assignment complains of the action of the court in not sustaining defendants' objection to certain questions propounded to the witness Biles, but the explanation to the bill shows that counsel for plaintiffs did not in fact ask the question, nor did the witness answer the same, for which reason this assignment is overruled.

It is contended by appellants that they were denied the right to cross-examine the plaintiff Biles relative to the several contracts executed by plaintiffs for the shipment of the horses involved in this suit. We do not think there was any error in the action of the court in this respect, because said contracts were not in evidence, nor had the contents thereof been testified to by said witness. They were therefore not the legitimate subject of cross-examination. We therefore overrule the eighth assignment.

We overrule the eleventh assignment, the same being too general, in that it complains of the charge as an entirety.

The twelfth and thirteenth assignments are overruled because not briefed in accordance with the rules, in that they are accompanied by no appropriate propositions, and we do not think that the assignments within themselves are propositions. Besides this, we are inclined to believe that it was the duty of appellants, if they desired more specific charges upon the subjects mentioned, to have prepared and requested same.

The remaining assignments are overruled because, in our judgment, they are without merit; and; finding no reversible error in the proceedings of the trial court, its judgment is affirmed.

*Affirmed.*