BIGGS v. DOAK et ux.  (No. 1552.)*

(Court of Civil Appeals of Texas.  El Paso. Feb. 14, 1924.  Rehearing Denied March 13, 1924.)

1. Appeal and error ⬛931(3)—Rule stated as to presumption in favor of judgment, where no findings and conclusions filed.

Where findings and conclusions are not filed by the trial court, the appellate court will assume that all fact issues raised by the evidence were found by the trial court in such manner as will support the judgment.

2. Cancellation of instruments ⬛43—Proof of breach of warranty will not warrant recovery in action to rescind executed conveyance for fraud.

In an action by a purchaser to rescind an executed conveyance upon the ground of fraud, in that the paramount title and possession of the property was vested in another, recovery cannot be had on evidence showing a right of recovery for a breach of warranty; such evidence presenting a fatal variance.

3. Cancellation of instruments ⬛47—Evidence held to sustain findings negativing claim of fraud in inducing purchase of land.

In an action to rescind an executed conveyance on the ground of fraud, in that title and possession of the property was in another, evidence held to support the presumed finding of the trial court that the person in possession of the premises had not acquired title by limitations, because his possession had not been adverse until shortly before sale to plaintiff and

that plaintiff knew at the time of the conveyance of the adverse claim and possession of such person.

4. Covenants ⬛100(1)—Warrantor not required to protect against trespasser or unlawful claim of title.

A warrantor is not required to protect his vendee against a trespasser or unlawful claim of title.

5. Evidence ⬛434(3)—Evidence held admissible over objection that it varied terms of deed to rebut allegations of fraud.

In an action to rescind an executed conveyance on the ground of fraud, in that the paramount title and possession of the property was vested in a third person, testimony of vendor that he sold purchaser the lot in controversy without the improvements or the house thereon, was admissible as against the objection that it varied the terms of the deed to plaintiff, in rebuttal of the alleged fraudulent representations, plaintiff's reliance thereon, and his ignorance of third person's claim.

6. Appeal and error ⬛1054(3)—Error in admission of evidence not ground for reversal, where sufficient competent evidence to support judgment.

The admission of evidence, if erroneous, is not grounds for reversal, where the case is tried before the court, and there is other competent evidence sufficient to support the judgment upon all the material issues of fact.

7. Appeal and error ⬛931(6)—Where competent and incompetent evidence admitted in trial by court, judgment presumed based on competent evidence.

Where, in a trial of a case before the court, competent and incompetent evidence is admitted, the trial court is presumed to have based its judgment upon the competent evidence, and to have disregarded that which was incompetent.

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Action by B. T. Biggs against C. H. Doak and wife. Judgment for defendants, and plaintiff appeals. Affirmed.

See, also, 235 S. W. 957.

Roy I. Biggs and John B. Howard, both of Pecos, for appellant.

G. E. Lockhart, of Tahoka, for appellees.

HIGGINS, J. Appellant sued Doak and wife, appellees, in substance, alleging, in his first original and supplemental petitions, that he had purchased from defendants, by general warranty deed, a lot in Pecos, relying upon the false representation made to him by the defendants that they had perfect title thereto in fee simple, in consideration of $500 paid in cash and a purchase-money note for like amount; that possession of the lot had been denied him by H. Heisterman, who was in possession under paramount title acquired by limitation of 10 years; that he was ignorant of the possession and claim

of Heisterman until he attempted to take possession. The prayer was for rescission and cancellation of the purchase-money note for recovery of the $500 paid, and $150 attorneys' fees incurred as damages and for exemplary damages in the sum of $2,000.

Defendant answered to the merits, and by cross-action asked for judgment upon the purchase-money note, with foreclosure of vendor's lien.

Upon trial without a jury, judgment was rendered that the plaintiff take nothing and in favor of defendants upon their cross-action as prayed for.

[1] Findings and conclusions were not filed by the trial court. In this condition of the record it must be assumed that all issues of fact raised by the evidence were found by the trial court in such manner as will support the judgment.

[2] All of the assignments and propositions, except one which relates to a ruling upon evidence, proceed upon the theory that there was a breach of the covenant of warranty because of the paramount title and possession vested in Heisterman, and therefore plaintiff was entitled to a recovery upon the warranty.

It would be a complete answer in the first place to say that the action is for rescission upon the ground of fraud and not upon the covenant.

In an action upon the covenant, the contract is affirmed, and the suit is based upon the same. The action is at law for damages. An action to rescind is equitable in its nature. The contract is disaffirmed and sought to be set aside. James v. Lamb, 2 Tex. Civ. App. 185, 21 S. W. 172; Walker v. Renfro, 26 Tex. 142; Rancho, etc., v. North, 92 Tex. 72, 45 S. W. 994; Ogburn v. Whitlow, 80 Tex. 239, 15 S. W. 807.

In an action to rescind an executed conveyance, a recovery cannot be had simply upon proof of a breach of covenant. This is true because such breach is not ground for rescission. The remedy in such case is upon the covenant and for damages. The present action is for rescission upon the ground of fraud. If it were conceded that the evidence shows a right of recovery for breach of the warranty, it would avail the plaintiff nothing because his pleadings would not support a recovery upon that theory. The variance would be fatal.

[3, 4] But the judgment need not be upheld upon any rule of pleading, for the evidence supports the presumed finding of the trial court that Heisterman had not acquired title by limitation because his possession had not been adverse until very shortly before plaintiff's purchase. This is sufficiently shown by Heisterman's testimony alone. Heisterman testified:

"Up to that time (about 14 days before Doak talked to him) I didn't make any claim to the lot, I just claimed the house; that is all."

Had the action been based upon the warranty, it could not have been maintained in view of this finding, for the warrantor is not required to protect his vendee against a trespasser or unlawful claims of title. Norton v. Schmucker, 83 Tex. 212, 18 S. W. 720. Furthermore, upon the issue of fraud and according to the testimony of Doak and wife, appellant, at the time the trade was made, knew of the adverse claim and possession of Heisterman, and that:

"I told Mr. Biggs that Mr. Heisterman, or this old gentleman that was on the stand, had possession of the property and that I wasn't selling him the house; I was selling him the naked lot. We discussed the proposition about the probability of Heisterman being able to hold the property by limitation. Mr. Biggs said he didn't think Heisterman could hold it. * * * He then said he was going to put him off. He thought he wouldn't have any trouble in putting him off. * * *"

The court was authorized to accept this testimony of the appellees as true and find adverse to appellant upon the issue of appellant's ignorance of the Heisterman claim and the alleged false representations and appellant's reliance thereon.

There are thus two presumed adverse findings of fact, which will support the judgment upon any theory of the pleadings.

[5] The remaining assignment relates to the action of the court in permitting C. H. Doak to testify as shown by the bill of exception, "that he only sold the plaintiff Biggs the lot in controversy and did not sell him the improvements, or the house thereon."

The exact testimony objected to is shown in the first above-quoted portion of Doak's evidence, and it will be noted that it was given in connection with Doak's version of the conversation had with appellant regarding the Heisterman claim, which conversation preceded the consummation of the conveyance. It was admissible in rebuttal of the alleged fraudulent representations, plaintiff's reliance upon the same, and his ignorance of the Heisterman claim.

The objection to the evidence was that it varied the terms of the deed conveying the land. Had the action been upon the covenant for a breach thereof, the objection would have been well taken (Morriss v. Hesse, 210 S. W. 710, Id. [Tex. Civ. App.] 231 S. W. 317), but upon the issue of fraud presented by the plaintiff's pleadings and evidence it was admissible.

[6, 7] But, even if it be regarded as improperly admitted, it is not ground for reversal, for the case was tried before the court and there was other competent evidence sufficient to support the judgment upon all material issues of fact. In such cases the presumption is that the trial court based its judgment upon the competent evidence and disregarded that which was improper.

Finding no error, the judgment is affirmed.