**FERGUSON v. FERGUSON. (No. 490.)**

Court of Civil Appeals of Texas. Eastland. Oct. 26, 1928.

Rehearing Denied Nov. 23, 1928.

See, also, 283 S. W. 297; 288 S. W. 833.

Murchison & Davis, of Haskell, for appellant.

F. L. Henderson, of Bryan, and Robt. L. Guthrie, of Dallas, for appellee.

LESLIE, J. This suit was instituted in the county court of Haskell county by Alex M. Ferguson for the purpose of obtaining the removal from office of Joe Lee Ferguson, joint temporary administrator with the plaintiff of the estate of Kate F. Morton, deceased. The motion to remove was denied in the county court, and the cause was duly appealed to the district court. On a trial there before the court, without a jury, judgment was rendered removing the defendant, Joe Lee Ferguson, from acting as joint temporary administrator of said estate. The defendant appeals.

There are no findings of fact or conclusions of law in the record. The appeal is presented in this court upon three assignments of error and five propositions of law thereunder. The parties will be referred to as in the trial court.

By his first proposition the defendant contends that the trial court erred in over-ruling his motion to require the plaintiff to replead his case. The ground of complaint is that the petition contains "so many unnecessary, slanderous, and defamatory allegations" that the plaintiff should be required to replead the cause of action.

No special exceptions were urged to any particular expression or language used in the petition, nor was there any motion to strike out any specific words or expressions therein.

By limiting his objections to the language used the defendant does not question that the petition sets up a cause of action, and in fact there could be no contention that the petition fails to apprise the defendant with sufficient certainty of the cause of action alleged against him. The suit was designed to remove the defendant as administrator of an estate. It necessarily charged him with having been unfaithful to his trust, and any language used in presenting issues peculiar to this class of litigation is harsh at best. The petition was elaborate in presenting each charge and accusation against the defendant. This court has carefully considered the same in view of the assignment under consideration, and it does not believe that upon the record presented the trial court erred in overruling the motion.

In the second proposition it is urged that the trial court erred in overruling the defendant's motion for a continuance based upon the absence from the trial of the defendant. It was a second motion for continuance, and it is admitted by the defendant in his brief that it is not a statutory one. It was therefore addressed to the sound discretion of the court. Concerning such character of motion, it was stated by this court in Lowe v. Lowe, 293 S. W. 915:

"Under the rule, well recognized in the decisions of this state, this court must sustain the action of the trial court, 'unless a very clear abuse of discretion is shown.' Goodwin v. American National Bank of Shreveport (Tex Civ. App.) 236 S. W. 781; Hutson v. Cade et al. (Tex. Civ. App.) 217 S. W. 438. From the latter case is taken the excerpt: 'Where the application is not statutory, a party is not entitled to continuance as a matter of right; but such application is addressed to the sound discretion of the court, and will not be revised unless a pronounced abuse of such discretion be shown. T. & P. Ry. Co. v. Hall et ux., 83 Tex. 675, 19 S. W. 121 [Sup.]; Wiggins v. Fleishel, 50 Tex. 57; T. & P. Ry. Co. v. Hardin, 62 Tex. 367; I. & G. N. Ry. Co. v. Fisher [Tex. Civ. App.] 28 S. W. 398, writ of error refused in 93 Tex. 710, 29 S. W. xxi. In support of the action of the court in refusing the continuance, every presumption of its correctness consistent with the record is to be indulged. I. & G. N. Ry. Co. v. Newburn, 94 Tex. 310, 60 S. W. 429.' "

Further, the application for continuance in the instant case was verified by his attorney, but merely upon "information and belief," and the affidavit is further qualified by the following expression therein:

"That I cannot and do not swear as to knowledge of the above facts, except as to the allegation that the testimony of Joe Lee Ferguson is material to his defense."

In this form the motion was not verified as by law required, and as thus presented to the trial court it was without the support of an essential statutory requirement. Being based merely upon information and belief and

as thus qualified, it was insufficient. I. & G. N. Ry. Co. v. Biles, 56 Tex. Civ. App. 193, 120 S. W. 952; St. Louis Southwestern Ry. Co. of Texas v. Harkey, 39 Tex. Civ. App. 523, 88 S. W. 506; K. C., M. & O. Ry. Co. of Texas v. Starr (Tex. Civ. App.) 194 S. W. 637; Vernon's Revised Statutes 1925, art. 2168.

There is nothing in the record to indicate an abuse of discretion upon the part of the trial court in overruling the motion for continuance, and in the light of the authorities cited the action of the trial court must be sustained, and the assignment is overruled.

By the third and fourth propositions under the third assignment of error it is contended that the court erred in permitting the plaintiff on the trial of this case to offer in evidence his "exceptions and objections" theretofore urged by him to the annual account, expense account, and the amended and revised account of Joe Lee Ferguson, temporary administrator. The defendant objected to the introduction of these instruments upon the ground that they were "ex parte statements of complainant, self-serving declarations in his own behalf, hearsay, immaterial, prejudicial, and inadmissible for any purpose." These "exceptions and objections" were urged against practically every item contained in said reports, and the language of said objections made frequent use of such terms as "mismanagement", "misappropriation of funds", "waste", "misapply", "deception of the courts", "gross neglect", "wanton waste," etc.

We do not see the appellee's purpose in offering this character of testimony, and we doubt its admissibility for any purpose. However, the matters objected to, both in form and in substance, are to be found throughout the plaintiff's petition, wherein he alleges with great particularity and emphasis the defendant's acts and conduct which are relied upon as a reason and justification for his removal as temporary administrator. That petition had, in the due order of trial, been read to the court, and through it the court had become acquainted with the issues involved. We cannot bring ourselves to believe that these "exceptions and objections," expressed as they were in high-sounding adjectives and superlative terms, in any way influenced the court in arriving at its judgment. In disposing of these propositions we shall regard the testimony complained of as incompetent and inadmissible, and as such it is not believed that the court, with its power of discriminaton, attached any more importance to these statements and objections as evidence than he did to the language, substantially the same, contained in the petition. The presumption is that the court, in arriving at its judgment, excluded from its consideration the testimony complained of. In a trial before the court without a jury it will be presumed that only competent evidence influenced its judgment, and where, upon such a

trial, both competent and incompetent evidence is admitted, the trial court is presumed to have based its judgment upon the competent evidence and to have disregarded that which was incompetent. Biggs v. Doak (Tex. Civ. App.) 259 S. W. 665; Id. (Tex. Civ. App.) 260 S. W. 882, writ dismissed.

As stated by Chief Justice Wheeler in Smith v. Hughes, 23 Tex. 248:

"The rules which regulate the admission of evidence in trials by jury, do not apply strictly, where the trial of the fact is by the court. The court will discriminate between evidence, which is competent to establish or disprove the issue, and that which is not, and though incompetent evidence may have been heard by the court, it will not be a ground of reversal of the judgment, if rightly rendered upon evidence which is competent."

In Schleicher v. Markward, 61 Tex. 99, the rule is stated by Chief Justice Willie, as follows:

"When a cause is submitted upon law and fact to the judge alone, the admission of illegal evidence is not cause of reversal, when there is sufficient legal testimony to justify his finding."

In Andrews v. Key et al., 77 Tex. 35, 13 S. W. 640, Justice Gaines, in disposing of a proposition complaining of the admission of immaterial testimony, says:

"It is not usual for the court to reverse a judgment on account of the admission of improper testimony, when the case has been tried before the judge without a jury. If the testimony be merely immaterial, its admission is no ground for reversal. The testimony of the witnesses, as to the fraudulent promises of Kuteman made to induce the defendants in the first suit not to defend the action, did not affect the merits of the present suit. Though it may have been calculated to prejudice a jury against the plaintiff's cause, it is not to be presumed that it had such an effect upon the mind of the judge. This is more especially true when, as in this case, his findings upon all the material issues are amply sustained by the evidence."

In the late case of Lawther Grain Co. v. Winniford, 249 S. W. 195, an opinion by the Commission of Appeals states the rule:

"The judgment of the trial court should not be disturbed unless there be a showing that it was erroneous. In accordance with this rule it has been repeatedly held that the mere fact that improper evidence has been adduced will not require the reversal, where the trial was to the court. There must be some showing that the improper evidence affected the decision. Melton v. Cobb, 21 Tex. 544; Beham v. Ghio, 75 Tex. 90, 12 S. W. 996 [Sup.]; Moore v. Kennedy, 81 Tex. 147, 16 S. W. 740 [Sup.]; Ry. v. Startz, 97 Tex. 167, 77 S. W. 1 [Sup.]."

Great numbers of authorities could be cited to this effect, but they are collated under the subject of appeal and error, 2 S. W. Digest, Key No. 931 (6).

As stated, the record is before us without any findings of fact or conclusions of law.

There is competent and substantial testimony in the record supporting the judgment of the trial court in so far as the charges against Joe Lee Ferguson are concerned. The presumption is that the trial court considered only such testimony as was legally admissible and found all facts necessary to sustain the judgment.

Upon this state of the record, and in accordance with the authorities cited, an appellate court would not be authorized or justified in reversing the judgment of the trial court. The third assignment is overruled, and the judgment of the trial court is affirmed.