## WORTHEN et al. v. PEOPLES LOAN & HOMESTEAD CO., Inc., et al.

## No. 11174.

Court of Civil Appeals of Texas. Galveston.

May 1, 1941.

Chas. J. Stubbs and Theodore B. Stubbs, both of Galveston, for appellants.

M. L. Cook, Royston & Rayzor, and Terry, Cavin & Mills, all of Galveston, for appellee United States Nat. Bank.

Stewart, Burgess & Morris, of Galveston, for appellee Peoples Loan & Homestead Co., Inc.

MONTEITH, Chief Justice.

This suit was brought by appellee, Peoples Loan & Homestead Company, against appellants, Clara G. Worthen and her husband, George T. Worthen, appellee, United States National Bank of Galveston, individually, as administrator de bonis non of the estate of Peter Tiboldi, deceased, and as independent executor of the estate of Marie Melanie Tiboldi, deceased, and against Claudia Hoppe and her husband, J. W. Hoppe, seeking reformation of certain deeds and a deed of trust, and foreclosure of vendor's and deed of trust liens.

Appellants, Clara G. Worthen and George T. Worthen, both by way of answer and as affirmative relief, by way of cross-action, pled that they had contracted to purchase from appellee bank, as such executor and administrator, property in the City of Galveston known as 1313–E, consisting of a dwelling house and grounds enclosed by a fence, and that they were placed in possession thereof by its representatives, but that appellee bank had, through mistake, omitted from the deeds conveying the property which they had contracted to purchase, a strip of land 120 feet by 10 feet, 8 inches, upon which a substantial and essential part of the improvements on said property were situated, and that appellee bank had later conveyed said strip of land to Claudia Hoppe, who was asserting title thereto. They sought cancellation of said deeds and deed of trust, a rescission of said sale, the restoration of the purchase price paid by them for said property, and damages.

Claudia Hoppe and her husband answered denying that there had been a mistake in describing the property conveyed to appellant, Clara G. Worthen. She sought title to and possession of said strip of land by cross-action, in the form of trespass to try title.

At the conclusion of the testimony, the court withdrew the case from the jury and rendered judgment in favor of appellee, Loan Company, decreeing reformation of probate proceedings, certain deeds and a deed of trust and ordering foreclosure of liens and the sale of said property under execution.

The court sustained the general demurrer of all parties to appellants' cross-action and during the trial excluded a trial amendment tendered by appellants for the stated reason that, in legal effect, it amounted to a cross-action and was insufficient in law to constitute a defense to the pleadings of the other parties to the suit. No exceptions or demurrers, however, were sustained as to appellants' defensive matters and the record shows that they went to trial on their answer filed and that full evidence was heard in support thereof.

Appellants predicate their appeal on the alleged error of the trial court in denying them permission to file a trial amendment seeking affirmative relief by way of cross-action. They make no complaint that the evidence did not warrant the action of the court in withdrawing the case from the jury and in rendering judgment in favor of appellee, Loan Company.

No statement of the facts introduced in the trial court has been brought up by appellants, therefore, in the absence of fundamental error, we must rely upon an examination of the pleadings and the judgment of the court, since we cannot determine from the record whether the evidence introduced was such as to justify the court in withdrawing the case from the jury and rendering its judgment, but, in the absence of a statement of facts, we must presume that the evidence adduced in the trial court justified the action of the court and supported the judgment rendered.

The pleadings of the parties reflect the following facts material to the appeal: Peter Tiboldi and his wife, Marie Melanie Tiboldi, owned Lots Nos. 4 and 5 in Block No. 433 in the City of Galveston, as community property. They erected two sets of improvements thereon, one on said Lot No. 4, known as 1313–E, and one on Lot No. 5, known as 1311–E. Peter Tiboldi died and the executors named under his will qualified and served as such and died. Marie Melanie Tiboldi died, and appellee, United States National Bank of Galveston, qualified as independent executor under her will. Later, finding that the estate of Peter Tiboldi had not been fully administered, appellee bank qualified as administrator de bonis non of his estate and the administrations of both of said estates were concluded with the exception of the disposition of said Lots Nos. 4 and 5 in said Block No. 433, and the disposition of the proceeds of said estates to the legatees. Appellants Worthen contracted with appellee bank, as such executor and administrator, to purchase the property under enclosure known as 1313–E. Said contract of purchase did not call for the lot or block number or mention the dimensions of the property under contract. Appellee bank, as such executor and administrator, procured orders from the probate court of Galveston County to make said sale and thereafter, in an attempt to comply with the terms of said contract, executed deeds conveying said Lot No. 4 in said Block No. 433 to appellant, Clara G. Worthen, for a recited consideration of $4,000 in cash. Of this consideration the sum of $500 was paid in cash and, in order to secure the balance of the purchase price therefor, appellants borrowed $3,500 from appellee Loan Company for which they executed a note in that amount payable to appellee Loan Company in monthly installments of $50 each, secured by a deed of trust in its favor on said Lot No. 4 in said Block No. 433. Claudia Hoppe, who was the niece of Peter and Marie Melanie Tiboldi, was beneficiary under both of their wills. Appellee bank paid the money received from appellants from the sale of said property to Claudia Hoppe in due course of administration and after appellants went into possession thereof, appellee bank, as such executor and administrator, conveyed said Lot No. 5 in said Block No. 433 to her as the final distribution of both of said estates. Later both of said estates were closed and appellee bank was discharged as such executor and administrator. Thereafter Claudia Hoppe asserted a claim to said strip of land 120 feet by 10 feet, 8 inches, out of the western portion of said Lot No. 5. A survey was then made of said property and it was discovered for the first time that the improvements located on the property known as 1313–E actually extended to a substantial fence 10 feet, 8 inches, beyond the boundary line between said Lots Nos. 4 and 5, and into said Lot No. 5, and that the boundary line between said two lots ran through the house located on the property known as 1313–E.

Appellants took possession of the property known as 1313–E immediately after contracting for its purchase on December 8, 1938, and before said property was conveyed to Clara G. Worthen, and remained in possession thereof until the date of the trial in April, 1940. They paid instalments due appellee Loan Company for the months of February, March, April, May, and June, 1939, but declined to make any payments thereafter. After they discontinued their payments, appellee Loan Company brought this action.

During the course of the trial Claudia Hoppe filed a disclaimer to the west 10 feet, 8 inches, of said Lot No. 5 on which the improvements known as 1313–E were located.

The only question presented in this appeal is whether appellants' pleadings, as

an answer, stated a defense to appellee Loan Company's cause of action for a reformation of deeds from appellee bank to Clara G. Worthen and the deed of trust executed by appellants to secure appellee Loan Company in the payment of said note, and for foreclosure of its lien and whether, as a cross-action, said pleadings set up a cause of action as against all parties to the suit for a rescission of said deeds and said deed of trust and a restoration of funds paid by appellants.

 It is the established law in this state that, where a contract for the sale of land has been executed and the purchaser has been placed in possession thereof under a deed with covenants of warranty, the vendee will not be entitled to rescind on the mere ground that there is a defect in the vendor's title, as that there is an outstanding title in another, in the absence of a showing of an actual disturbance of his possession or an actual danger of eviction by the holder of a paramount title, who evinces an intention to assert and enforce his rights. Black on "Rescission and Cancellation", Volume 2, page 1067. Nor is a warrantor bound or liable to protect his vendee against the assertions of a trespasser, or to protect him against unlawful claims or title. It is only where the adverse claim or title is superior that the warrantor is liable. Biggs v. Doak, Tex. Civ.App., 259 S.W. 665.

This rule is aptly stated in 29 Texas Jurisprudence, 709, Section 6, in which it is said: "A mistake of law is ordinarily not a ground for relieving a party who has acted thereunder. This principal is embraced in the maxim that ignorance of the law excuses no one, and is founded on the proposition that all persons of sound mind are presumed to know the law. Though the presumption of knowledge of the law is purely arbitrary, it is sustained for reasons of public policy and necessity. 'There would be no security as to legal rights and no stability about judicial decisions if ignorance of the law could be advanced to excuse injudicious or foolish action.'"

 Further, it has been uniformly held in this state that, where a building or improvement extends beyond the line or boundary of the property mentioned in the description of the property conveyed, the entire land upon which the building or improvement stands will pass. 18 Corpus Juris, page 296; Wade v. Odle, 21 Tex. Civ.App. 656, 54 S.W. 786; 41 A.L.R. 1210; 53 A.L.R. 910.

This rule is laid down in the case of Parrish v. Williams, Tex.Civ.App., 79 S.W. 1097. There a common owner and his purchaser assumed that a fence was on a lot line between two lots. The deed to the first purchaser described the property by lot number. A subsequent purchaser from the common owner was given a deed describing the adjoining property by the lot number. The fence was actually 18 feet over the boundary line of the lot sold to the second purchaser. The court held that the fence line and not the lot line was controlling and that despite the mistake in description the first purchaser acquired title to said fence on the theory that it was the intention of the vendor to convey to the fence line and that the purchaser really got what he thought he was buying.

This rule is followed by the Commission of Appeals in the case of El Paso Land Improvement Co. v. Crawford, 292 S.W. 518.

 In the instant case appellee bank, as executor and administrator, entered into a contract to convey the property known as 1313–E with the improvements thereon to appellants and prior to the execution of the deed thereto placed them in possession thereof. The improvements on 1313–E actually extended beyond the boundary line between Lots Nos. 4 and 5 and occupied 10 feet, 8 inches, of said Lot No. 5. The bank, as executor and administrator, was the common source of both of said lots. It conveyed said Lot No. 4 to appellant, Clara G. Worthen, and said Lot No. 5 to Claudia Hoppe. While Claudia Hoppe asserted a claim to the strip of land in question, no affirmative action was taken by her in the assertion of such claim until after appellants, by cross-action in this case, sought a rescission of said deeds. Claudia Hoppe filed her disclaimer to the contested strip before judgment was rendered herein.

Further, the court having presumably found that appellants had contracted to purchase the property known as 1313–E with all improvements thereon, and, based on said findings, having rendered judgment reforming said deeds and deed of trust, this court, in the absence of a statement of facts, is bound by such findings and must conclude that appellants acquired title to the west 10 feet, 8 inches, of said Lot No. 5, with the improvements thereon, and that

834

they had no right to rescind said deeds or to repudiate the lien reserved in said deed of trust, or to decline to pay the installments due appellee, Loan Company, on its note.

It follows from these conclusions that the judgment of the trial court must be in all things affirmed.

Affirmed.