R. D. SIMONTON et al., Appellants,

v.

Annie Peel TAYLOR et vir, Appellees.

No. 6131.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 31, 1957.

Rehearing Denied Nov. 20, 1957.

Smith & Simonton, Conroe, for appellants.

Davis & Phillips, Huntsville, for appellees.

R. L. MURRAY, Chief Justice.

Appellees, Annie Peel Taylor and her husband, James A. Taylor, conveyed to the appellants, R. D. Simonton and B. D. Griffin, by general warranty deed a tract of 665 acres of land, more or less, in Montgomery County, Texas, for a total consideration of $36,767.50. The land was described by metes and bounds, and after the sale was completed by delivery of the deed and payment of the consideration the appellants had the land surveyed. From the survey it was discovered that several portions or tracts of the land described in the deed were in possession of third parties. Such third parties had such tracts within their own enclosures, were claiming them and had been doing so for many years and refused to surrender possession.

Appellants sued the appellees in the district court of Montgomery County, alleging sale by general warranty deed, payment of the consideration and description of the land as set forth in such deed; they alleged further that such warranty deed was given in consideration of an immediate and prior oral agreement between the parties by which such land would be sold for $55 per acre; that in the negotiations for such sale the appellees contended that the land contained 672 acres and appellants contended such land contained 665 acres; that as a result of such differences of opinion it was agreed that appellants would pay at the rate of $55 per acre for 668.5 acres and that the appellees would warrant title to 665 acres, or the acreage described by their field notes; that by such warranty in their deed the appellees covenanted with appellants, their heirs and assigns that they were seized of an indefeasible estate in fee simple in the lands described by their said deed and to warrant and defend the title and possession thereof to the appellants, their heirs and assigns. It was further alleged that appellants employed a surveyor who made a survey of the lands as described in the deed and that by such survey it was discovered that certain portions of the lands were enclosed within the fences of ad-

joining land owners, and that said adjoining owners refused upon request to surrender possession of such lands which they had under their fences and still so refuse; it was further alleged that such tracts were 63.3 acres, 3.2 acres and .4 of an acre under the fences of the heirs of Ned Jackson and Sarah Jackson and others claiming under such heirs, and in possession of the executor under the will of Sarah Jackson, deceased; 8.4 acres under the enclosure of Archie Stallings; .9 of an acre within the enclosure of Grover C. Harris, "making a total deficiency and failure of title" in the amount of 72.2 acres or thereabouts. It was further alleged that such lands of which the appellants were unable to take possession were a part of the most valuable of the lands described in the deed, and were of the total value of $7,620. The value of the remaining land, of which the appellants took possession, was alleged to be $29,147.50. It was further alleged that the appellees were immediately advised of such title failure and adverse possession by adjoining landowners and were requested to make adjustment for such deficiency, but failed and refused to do so, and alleged the damages for failure to deliver possession of all of said premises, such deficiency and failure of title, to be $6,720.

The appellees answered by general denial.

The case was tried to a jury, which found by its verdict in response to special issues that, "(1) sale of the land was not made on a per acre basis, (3) there was not a shortage of acreage of the land conveyed."

The appellants filed a motion for instructed verdict and also motion for judgment non obstante veredicto, which were overruled by the trial court. Judgment was rendered in favor of the appellees, defendants in the trial court, that the appellants, plaintiffs below, take nothing by their suit. The appellants filed no motion for new trial.

They have duly perfected their appeal from the judgment of the court and present three points of error. Appellants' first point

is that the trial court erred in refusing to grant their motion for peremptory instructions, and motion to disregard findings on special issues, and motion for judgment non obstante veredicto, and in submitting the cause to the jury based upon issues which were not controlling and were immaterial to an action based upon the breach of the covenant of the warranty of title as distinguished from an action based upon the equitable doctrine of material deficiency or excess as between the buyer and seller. Their second point is that the trial court erred in failing to instruct the jury to return a verdict for them, based upon the theory that they had made out a conclusive case of mutual mistake and a deficiency of 78.1 acres in the amount of land contracted to be delivered under the deed, and that such deficiency of 78.1 acres out of 665 acres was a material deficiency. Their third point is that the trial court erred in allowing the appellee Annie Peel Taylor to testify over their objection to certain circumstances attending the signing of the deed.

■■ The appellees object to consideration of appellants' first point on the ground that the point is multifarious in that it contains four separate assignments of error. We cannot agree with the appellees' contention in this objection because, as we see it, the appellants' first point is really a complaint of the action of the trial court in overruling its motion for judgment non obstante veredicto. A consideration of such action by the trial court necessarily involves the other matters set out in appellants' first point. The contention under this point is, in short, that the appellants by their pleading and proof made out a case as a matter of law of a breach of covenant of title and have proved their damages caused by such breach. Appellees also object to consideration of appellants' second point on the ground that no motion for new trial was filed and that the error complained of was not presented to the trial court in a motion for a new trial. As was pointed out above, the same question under this point,

that appellants' motion for instructed verdict should have been granted, was raised in the motion for judgment non obstante veredicto, and it will be considered in determining whether the trial court erred in overruling such motion for judgment non obstante veredicto.

■ The appellees also object to consideration of appellants' third point, on the ground that no motion for new trial was filed in the trial court and the matter complained of in appellants' third point is not properly before this court and cannot be considered on appeal. Appellees' objection is well taken and appellants' third point cannot be considered by us since no complaint was made in the trial court of such matter by way of a motion for new trial. Rule 324, Texas Rules of Civil Procedure. By an order effective January 1, 1955 said Rule 324 was amended providing, among other things, that a motion for new trial shall not be a prerequisite to an appeal where a judgment is denied non obstante veredicto. Miller v. Miller, Tex.Civ.App., 274 S.W.2d 762, was decided before the 1955 amendment took effect. However, it was held there that under similar conditions as obtained here when a party appeals without filing a motion for new trial he could complain of no action of the trial court except that of overruling his motion for judgment non obstante veredicto. Writ of error was refused by the Supreme Court. Later, in June, 1957, after the amendment to said Rule 324, the case of Freed v. Bozman, Tex.Civ.App., 304 S.W.2d 235, held that points not raised by the appellant in a motion for judgment non obstante veredicto could not be raised on appeal when appellant had not filed a motion for new trial. About the same time, in June, 1957, the City of San Antonio v. Gonzales, Tex.Civ. App., 304 S.W.2d 429, was decided and a similar holding was made. The Supreme Court refused an application for writ of error, N.R.E., in this case. These holdings seem to set at rest the doubts suggested relative to the construction and application of the amendment to Rule 324 in McDonald's

Texas Civil Practice, Vol. 4, Sec. 18.04 in the 1956 cumulative supplement.

■ We hold therefore that the only question properly brought before us by the appellants is whether the trial court erred in overruling their motion for judgment non obstante veredicto.

■ The appellants on the trial made substantial proof of the matters which they alleged in their petition. We have concluded, however, after an examination of the statement of facts and the pleadings and the motion for judgment non obstante veredicto, that the trial court did not err in refusing such motion. The appellants did not plead nor contend in their motion for judgment non obstante veredicto that the adjoining land owners withheld possession from the appellants of portions of the land conveyed to them by the appellees in their general warranty deed *by virtue of an outstanding superior title in such adjoining land owner*. The appellants' right of recovery in this case, if any, is one for damages for failure of title. Any recovery by them would have to be for breach of warranty. Where a vendee such as the appellants here had never taken possession of the land conveyed and is denied the right of possession thereof by some third party or parties, such vendee is not required to commit a trespass and take possession of the land, nor even to file a suit in trespass to try title and lose it, in order to show a failure of title and an eviction from the land. He may recover on the warranty upon showing an outstanding superior title in such third party. The showing of a superior outstanding title in such third party is, however, essential in order to mature the right of action for the breach of warranty. The mere showing of a cloud on the title of grantee, or possession in a third party, is insufficient, for the warrantor is not bound to protect his grantee against a mere trespasser or against an unlawful claim of title. Freeman v. Anderson, Tex.Civ.App., 119 S.W.2d 1081 and cases cited therein. A grantee suing for breach of warranty, as in this case, is required both to plead and prove that the title of the third party who withholds possession from him is superior to that conveyed by the grantor. Briley v. Hay, Tex.Civ.App., 13 S.W.2d 997; Norton v. Schmucker, 83 Tex. 212, 18 S.W. 720. See, also, Tiffany on Real Property, Vol. 4, 3rd Ed., Sec. 1014; 14 Am.Jur., Sec. 73, 21 C.J.S. Covenants § 111 and Schneider v. Lipscomb County National Farm Loan Ass'n, 146 Tex. 66, 202 S.W.2d 832, 172 A.L.R. 1.

■ The only pleading which we find in the petition upon which the appellants went to trial which even suggests that third parties withheld possession of the appellants and asserted a superior title is the allegation that after the appellants had their lands surveyed it was discovered that certain portions of such lands were enclosed and within the fences of adjoining land owners who refused to surrender possession to the appellants. This is not an allegation that the land was held under a superior title. The appellants introduced evidence to show that said adjoining land owners had portions of lands enclosed and under fence, and had been adversely claiming such lands for long periods of time. They alleged in their motion for judgment non obstante veredicto that they had proved the above matters, and that the adjoining land owners had been using and occupying the land under their fences for a period of from 21 to 42 years. This did not prove, as a matter of law, a superior title in such claimants. We hold that the appellants have failed to plead and prove that the appellees had breached their warranty, since there was no pleading nor conclusive proof that there was a superior title in such adjoining land owners. It is true, of course, that there was some evidence by which the jury could have found that the adverse possession and claims of the adjoining land owners in possession had ripened in title by limitation. There was no such pleading or proof, however, as would have required the trial judge here to hold that the appellants had made such proof as a matter of law. The

appellants did not request the submission of an issue to the jury whether such possession and claims were adverse and continuous for any period of time as required by our statutes of limitations. The evidence was not of such a full and conclusive nature as to require the trial judge to grant a motion for instructed verdict in favor of the appellants on this contention of the appellants, nor to require that the motion for judgment non obstante veredicto be granted.

We believe that the appellants' first point presents no error and it is overruled. Since that is the only point properly before us for consideration, in the absence of a motion for new trial, the judgment of the trial court is affirmed.