

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 3, 1975

The Honorable Carlos F. Truan
Chairman, Committee on Human
  Resources
House of Representatives
P. O. Box 2910
Austin, Texas 78767

Opinion No. H- 543

Re: Constitutionality of certain
portions of article 3183c, V. T.
C. S.

Dear Representative Truan:

You have asked our opinion regarding the constitutionality of those provisions of article 3183c, V. T. C. S. which permit the superintendents of State institutions in the Texas Department of Mental Health and Mental Retardation to deposit the interest or increment accruing on the invested funds of inmates in a "benefit fund" from which the superintendent may expend the moneys for the education or entertainment of the inmates at the institution, or for the actual expense of maintaining the fund at the institution.

According to the Commissioner of the Department, inmates upon admission "are encouraged to relinquish excess funds and keep only small amounts in their possession for personal needs." Such funds, as well as any received after admission are, according to statute, deposited in the institution's Trust Fund account and credited to the respective inmates. The interest earned on these invested funds is placed in the institution's Benefit Fund, and it is this accrued interest which is the subject of inquiry here.

The statute specifies that moneys in the Benefit Fund should be utilized for the entertainment and education of the inmates of an institution. The Commissioner believes that "few of the patients and students have actual knowledge of the use to which interest earned on their funds is applied," and he states that the inmates in no way give their consent to the use of these funds.

The Standard Operating Procedures Manual of the Department (March 1, 1972) requires that:

> . . . [e]ach expenditure must stand on its own as being of general benefit to the population of the institution.  This does not mean or imply that every patient or resident must benefit from each expenditure from the Benefit Fund.  The guiding principle in expenditures of these funds is that no partiality or preferential treatment is shown individuals or selected groups of residents or patients.  Expenditures from Benefit Funds must be properly documented to show the exact purpose and, if practical, to show the names of the patients or residents benefiting from the expenditure.

If an inmate's relinquishment of his "excess funds" represents a valid contract, then the statutory effect of that agreement --the subsequent transfer of the accrued interest on those funds into the institution's Benefit Fund-- must be deemed constitutional and valid, regardless of how the interest is ultimately expended.  The constitutionality of article 3183c thus dependes upon a factual determination of the validity of a particular inmate's initial agreement to release his excess funds, and any funds received thereafter, into the institution's Trust Fund account.

There are three possible grounds on which an inmate might seek to avoid the contract whereby the consents to place his funds in the institution's Trust Fund account:  mental incapacity, undue influence, and mistake of law.

It is a fundamental principle of contract law that each party to a contract must be legally competent and able to bind himself under an agreement.  Phelps & Johnson v. Zuschlag, 34 Tex. 371 (1871).  A person's mere presence, however, in a mental institution is not determinative of the question of mental capacity to contract.  Article 5547-83(b) V. T. C. S., provides that:

> The judicial determination that a person is mentally
> ill or the admission or commitment of a person to
> a mental hospital, without a finding that he is mentally
> incompetent, does not constitute a determination or
> adjudication of the mental competency of the person
> and does not abridge his rights as a citizen or affect
> his property rights or legal capacity.

Likewise, mere mental weakness is not in itself sufficient to render a person incompetent for purposes of contract. Gray v. Allen, 243 S. W. 684 (Tex. Civ. App. --San Antonio 1922, writ dism'd); Beville v. Jones, 11 S. W. 1128 (Tex. Sup. 1889). Indeed, the law will presume that each party to a contract possesses sufficient mental capacity, and the burden of proof with respect to overcoming this presumption rests with the party who asserts the contrary. Swink v. City of Dallas, 36 S. W. 2d 222 (Tex. Comm. App. 1931).

A person's mental capacity to contract is dependent upon whether he knows and understands the nature and consequences of his act in negotiating the contract, and the resolution of this inquiry is a factual determination. Fox v. Lewis, 344 S. W. 2d 731 (Tex. Civ. App. --Austin 1961, writ ref'd, n. r. e.). The mental incapacity sufficient to void a contract must exist at the time the contract was entered. Cole v. Waite, 242 S. W. 2d 936 (Tex. Civ. App. --Amarillo 1951) aff'd, 246 S. W. 2d 849 (Tex. Sup. 1952).

A second possible basis for avoiding the contract is the institution's exercise of undue influence over the contracting inmate. Undue influence is separate and distinct from mental incapacity, and presupposes mental capacity to contract. Shelton v. Shelton, 281 S. W. 331 (Tex. Civ. App. --Austin 1926, no writ). The presence of undue influence may be demonstrated by the feeble-mindedness and susceptibility to influence of the party challenging the contract. McKay v. McKay, 189 S. W. 520 (Tex. Civ. App. --Amarillo 1916, writ ref'd). The combined elements of mental weakness, undue influence, and overreaching have been held sufficient to set aside a conveyance. Meyer v. Swift, 11 S. W. 378 (Tex. Sup. 1889). Furthermore, when one party to a contract stands in a fiduciary or confidential

relationship to the other, the agreement will be carefully scrutinized by the courts, and the burden will be on the party in whom confidence has been reposed to show that the contract is just and reasonable, that it is supported by adequate consideration, and that it was freely entered into by the other party. Coon v. Ewing, 275 S.W. 481 (Tex. Civ. App. --Beaumont 1925, writ dism'd); Wells v. Houston, 57 S.W. 584 (Tex. Civ. App. 1900, no writ).

An inmate aggrieved by the operation of article 3183c might also contend that, at the time he transferred his funds into the institution's Trust Fund account, he was ignorant of the statute's existence and effect. It is of course true that all persons of sould mind are presumed to know the law, Worthen v. Peoples Loan and Homestead Co., 150 S.W. 2d 830 (Tex. Civ. App. --Galveston 1941, no writ), and that a mistake by a party to a contract as to its legal effect is generally no ground for equitable relief. Moore v. Studebaker Bros. Mfg. Co., 136 S.W. 570 (Tex. Civ. App. 1911, no writ); Kelley v. Ward, 58 S.W. 207 (Tex. Civ. App. 1900), aff'd, 60 S.W. 311 (Tex. Sup. 1901).

But where the mistake was accompanied by circumstances tending to show misrepresentation, imposition, undue confidence, undue influence, mental incompetence, or surprise, relief has sometimes been granted. Means v. Limpia Royalties, 115 S.W. 2d 468 (Tex. Civ. App. --Ft. Worth 1938, writ dism'd); Lange v. Binz, 281 S.W. 626 (Tex. Civ. App. --San Antonio 1926, no writ); Leslie v. City of Galveston, 226 S.W. 438 (Tex. Civ. App. --Galveston 1920, no writ); Moreland v. Atchison, 19 Tex. 303 (1857). Especially in situations where the mistake is brought about by one possessed of superior knowledge, in whom trust has been reposed, a court of equity may intervene. Altgelt v. Gerbic, 149 S.W. 233 (Tex. Civ. App. --San Antonio 1912, writ ref'd). Other courts have granted equitable relief where one party takes advantage of the other's ignorance of his legal position and rights. Commercial Bank & Trust Co. v. Buntain, 278 S.W. 503 (Tex. Civ. App. --Amarillo 1925, no writ); Ward v. Baker, 135 S.W. 620 (Tex. Civ. App. 1911, writ dism'd).

An inmate's relinquishment of his funds to the institution's Trust Fund account, and the subsequent transfer of the accrued interest thereon

into the Benefit Fund, is thus a contract which is voidable on any of these three grounds, but it is not void as a matter of law. Gaston v. Copeland, 335 S.W.2d 406 (Tex. Civ. App. --Amarillo 1960, writ ref'd, n.r.e.). Absent a particular inmate's successful legal challenge, the contract must be deemed valid, and the relevant portions of the trust fund program, which stand or fall in each particular case upon the validity of the initial agreement, must be upheld as constitutional.

## SUMMARY

Those provisions of article 3183c, V.T.C.S., which authorize the superintendent of a state institution in the Texas Department of Mental Health and Mental Retardation to "deposit any funds of inmates in his possession in any bank . . . [to] deposit the interest or increment accruing on such funds in a . . . 'benefit fund,' of which he will be the trustee . . . [and to] expend the moneys in any such fund for the education or entertainment of the inmates of the institution, or for the actual expense of maintaining the fund at the institution" are constitutional on their face, but may be voidable by a particular inmate's showing that the initial relinquishment of his funds into the institution's Trust Fund account was not a valid contract.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee